IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  09-23411-CIV-UNGARO/SIMONTON

SEVEN SEAS CRUISES S. DE R. L.,
f/k/a CLASSIC CRUISE HOLDINGS, S. DE
R.L., LLC, d/b/a REGENT SEVEN SEAS
CRUISES, INC. *et al.*,

  Plaintiffs,

v.

V.SHIPS LEISURE SAM, *et al.*,

  Defendants.

## PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED RULING

  Plaintiffs SEVEN SEAS CRUISES S. DE R. L., f/k/a CLASSIC CRUISE HOLDINGS, S. DE R.L., LLC, d/b/a REGENT SEVEN SEAS CRUISES, INC. ("Regent"), PRESTIGE CRUISE HOLDINGS, LTD. ("Prestige"), CELTIC PACIFIC (UK) LTD. ("Celtic Pacific"), CELTIC PACIFIC TWO (UK), LTD. ("Celtic Two"), SUPPLYSTILL LIMITED ("Supplystill"), and RADISSON SEVEN SEAS FRANCE SNC ("Radisson" and together with Regent, Prestige, Celtic Pacific, Celtic Two and Supplystill, "Plaintiffs"), by and through their undersigned counsel and pursuant to Federal Rules of Civil Procedure 26(c) and 45(c) and Southern District of Florida Local Rules 7.1 and 26.1, move the Court, on an expedited basis, for entry of an order protecting Plaintiffs from producing *any* 30(b)(6) witnesses to appear and testify regarding 101 separate topics, set forth in each 30(b)(6) Notice, unilaterally scheduled by the Defendant, V.Ships Leisure SAM ("VSLS").  VSLS' unilaterally noticed depositions are scheduled to commence in the offices of VSLS' counsel in Miami, Florida on August 23, 2010 and are scheduled to continue over a period of six (6) consecutive business days until completed. Despite diligent efforts made by the Plaintiffs to mutually coordinate deposition dates and times, Plaintiffs are unable to produce corporate representatives responsive to the 101 overly broad

areas of inquiry in the relatively short amount of time given by the VSLS to do so.  Accordingly, Plaintiffs request an order that the depositions duces tecum will not take place on the above-described dates, and instead, that said depositions take place at a mutually convenient time for the Plaintiffs and all Defendants.[1]

By way of background, after the close of business on August 11, 2010, counsel for VSLS sent notices of deposition duces tecum for 30(b)(6) corporate representatives of Regent, Prestige, Celtic Pacific, Celtic Two, Supplystill and Radisson.  Despite Plaintiffs' counsel having previously advised that Plaintiffs were unavailable on certain of these dates, and that Plaintiffs would like more time to choose and prepare 30(b)(6) corporate representatives for deposition. V.Ships' counsel ignored Plaintiffs' counsel's request.  VSLS refused to schedule depositions for a mutually convenient time, and rejected Plaintiffs' request to coordinate depositions with co-defendant RINA.  VSLS unilaterally scheduled, and served, six separate notices of corporate witness depositions to occur every business day beginning on August 23, 2010 and concluding on August 30, 2010.  Compounding the situation, V.Ships' notices seek to depose corporate representatives with the "most knowledge" of 101 separate topic areas most of which are overly broad, vague and otherwise objectionable.  The notices also request each representative to appear at their unilaterally scheduled deposition with documents referenced in each of the 101 topic areas commencing in less than 12 days after receipt of the first notice.  Additionally, V.Ships has noticed the depositions duces tecum, requesting that Plaintiffs' corporate representatives produce voluminous quantities of documents at a time when the parties were still working out the parameters for the production of electronic documents it the case.  For each of these reasons, and the others described below, the notices were deficient, and should be stricken.

---

[1] Although this Motion is pending, Plaintiffs have been coordinating with their witnesses to identify the persons with knowledge of the various topic areas set forth in the Notices.

## BRIEF PROCEDURAL HISTORY

Plaintiffs filed their Complaint [D.E. 1] on November 6, 2009 and their First Amended Complaint [D.E. 2] on November 12, 2009. In March, 2010, Plaintiffs obtained new counsel [D.E. 24] and filed a Motion for Leave to File a Second Amended Complaint [D.E. 49]. On March 30, 2010, Plaintiffs filed the Second Amended Complaint [D.E. 53], the operative Complaint. On April 9, 2010, the parties filed their Joint Scheduling and Status Report [D.E. 55] with the Court. On April 14, 2010, VSLS and its co-defendant and related entity V.Ships Leisure (UK) Ltd. ("VSLUK" and together with VSLS, "V.Ships") both filed a Motion to Dismiss [D.E. 61 and 62, respectively].[2] VSLUK filed its motion, in part, on jurisdictional grounds, and after extensive and time-consuming jurisdictional briefing, scheduling, hearings, and discovery, withdrew its jurisdictional motion completely one month ago, on July 8, 2010.

On April 29, 2010 - notably before VSLUK had conceded to personal jurisdiction - V.Ships served Plaintiffs with interrogatories and requests for production. After obtaining an extension from V.Ships, in part based on the sheer volume of the requests, Plaintiffs responded to the requests on July 1, 2010, advising V.Ships they were free to visit Plaintiffs' counsel's offices to inspect and copy the relevant, non-privileged documents. It was not until 28 days later, after 5:00 p.m. on July 29, 2010 that V.Ships' counsel advised Plaintiffs they indeed wished to inspect Plaintiffs' hard-copy documents. On August 4, 2010, Plaintiffs produced approximately 12,900 pages of hard-copy documents to V.Ships for inspection.

At that time, the parties also discussed the proper process for production of the voluminous electronic discovery requested by V.Ships. Since Plaintiffs must search through the electronically stored information ("ESI") of several different databases in order to respond to

---

[2] Defendant RINA S.p.A. ("RINA") also filed a Motion to Dismiss and Motion to Strike [D.E. 56], but the Court has not yet ruled on said motion.

V.Ships' voluminous requests, at the face-to-face meeting on August 4, 2010, at the offices of counsel for Plaintiffs', counsel for V.Ships' and Plaintiffs agreed to use the same electronic search method suggested and approved by Magistrate Judge Simonton, with respect to jurisdictional discovery [D.E. 83]. That is, counsel for V.Ships would provide Plaintiffs' counsel with a list of search terms and parameters, and Plaintiffs' would "perform an electronic search of its email and word processing systems to obtain correspondence and/or documents responsive to [the requests for production]." On August 5, 2010, counsel for V.Ships requested the production of ESI to be made in OCR/PDF format on CD-ROM or DVDs, but has not yet sent Plaintiffs any search terms or other search parameters to enable V.Ships to commence its production

Counsel for Plaintiffs and counsel for VSLS and VSLUK, have engaged in discussions concerning depositions. On July 29, 2010, V.Ships' counsel advised Plaintiffs that they intended to commence depositions the week of August 30th and depose the various corporate representatives on sequential days. On August 3, 2010, Plaintiffs advised V.Ships that they were unable to attend depositions during the week of August 30th. The reasons for Plaintiffs' unavailability are several: 1) Plaintiffs initially did not identify topic areas of testimony and therefore, Plaintiffs anticipated needing time to identify persons with information responsive to whatever topic areas VSLS may designate; and 2) given the amount of potential deponents, time, dates in September worked better for Plaintiffs. When counsel for Plaintiffs asked V.Ships to provide a better description of the topic areas it intended to inquiry from the corporate representatives, V.Ships provided Plaintiffs with three (3) general areas of inquiry it intended for the depositions. After exchanging a number of emails back and forth regarding the proposed depositions, on August 10, 2010, Plaintiffs asked V.Ships to coordinate with RINA so that Plaintiffs' witnesses would only have to be deposed once each. V.Ships' counsel responded that, while they were unsure about coordination, RINA would be in attendance. When Plaintiffs counsel attempted to get all Defense Counsel to coordinate on these deposition settings, counsel

for V.Ships responded that "we don't intend to take the corporate representatives depositions for all defendants jointly."

## BRIEF HISTORY OF THE DEPOSITION NOTICES AT ISSUE

At 5:05 on Wednesday, August 11, 2010, V.Ships sent the Notices of Taking Rule 30(b)(6) Deposition Duces Tecum (the "Notice(s) of Deposition") attached hereto as Exhibits A through F. These Notices seek the depositions of the corporate representative of each of the six (6) Plaintiffs to occur on consecutive days at the end of August – August 23, 24, 25, 26, 27 and 30. Each Notice of Deposition lists 101 separate areas of inquiry and commands that the deponents bring with them "[a]ll documents relevant to the areas of inquiry stated in the Notice of Deposition" and "[a]ll documents reviewed or used by deponent in preparation for the deposition." *See* Exhibit A to Notices of Deposition.

## ARGUMENT

**A.     GOVERNING LAW AND RULES**

The requirements for setting depositions and requiring deponents to produce documents at depositions are strictly circumscribed by the applicable procedural rules and the relevant caselaw. The requirements for obtaining a protective order to prevent a deposition from occurring are similarly addressed by the relevant rules and decisions.

**1.     *Requirements for Noticing Depositions and Obtaining Documents at Deposition***

Federal Rule of Civil Procedure 30(b)(2) establishes the mechanisms by which a party seeking to depose a person may require the deponent to bring documents with him or her to the deposition. If the deponent is a party, the deposition notice "may be accompanied by a request under Rule 34 to produce documents or tangible things at the deposition." *Id.* Critically, this requires the party seeking the deposition to observe the requirements of Federal Rule of Civil Procedure 34, which mandate that a party be given 30 days to produce documents. *See* Fed. R. Civ. P. 34(b)(2)(A). Accordingly, unless the party seeking the deposition personally serves a

party deponent with the deposition notice, the party deponent must be allowed a minimum of 33 days[3] to assemble the documents sought and bring them to a deposition.

Appendix A to the Local Rules of the Southern District of Florida, the Discovery Practices Handbook, establishes that a lawyer "is normally expected to accommodate the schedules of opposing counsel" and requires that discovery be "practiced with a spirit of cooperation and civility." *See* S.D. Fla. L.R., App. A., I.A.(1) and II.A.(1). When less than 11 calendar days' notice is given and the deponent promptly files a motion for protective order asking that the deposition not be held or held at a different time, if the party seeking the deposition insists on moving forward, the deposition that results cannot be used against the party who moved for the protective order. *See* S.D. Fla. L.R. 26.1.J; S.D. Fla. L.R., App. A., II.A.(1). Arguably, while V.Ships' counsel put the Notices of Deposition in the mail, faxed and emailed them on Wednesday, August 11, 2010, it did so after 5:00 p.m., such that Plaintiffs' counsel did not effectively receive them until the following morning.[4] Thus, at least one of VSLS's Notices of Deposition falls within the 11 calendar days, and all of their notices satisfy any reasonable notice.

**2.**     *Law Governing Protective Orders*

Protective orders may be entered at the discretion of the court. *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985)). Federal Rule of Civil Procedure 26(c)(1) holds that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense…". The party seeking the protective order has the burden to establish good cause as to why the protective order should

---

[3] Federal Rule of Civil Procedure 6(d) tacks on three additional response days when a party serves a document other than by personal service.

[4] Note that although V.Ships' counsel also faxed and emailed the Notices of Deposition, Plaintiffs' counsel never agreed to accept service by either method.

issue.  *Auto-Owners*, 231 F.R.D. at 429-30.

### B. THE DEPOSITION NOTICE FAILED TO OBSERVE THE REQUIREMENTS FOR OBTAINING DOCUMENTS

Plaintiff has failed to observe the black-letter law concerning the production of documents by a party at a deposition.  A litigant may not seek to escape Rule 34's requirement that a party be given 30 days to respond to requests for production by simply serving a deposition notice duces tecum that provides for less than 30 days' response time.  To the extent that V.Ships wants the Plaintiffs' corporate representatives to produce documents at a deposition, they must allow them 33 days to gather the documents (since service was made by fax, email and United States mail).  Accordingly, a deposition in conjunction with document production should only occur, at the earliest, Monday, September 13, 2010.

Additionally, given the exceptional breadth of V.Ships' duces tecum request ("all documents relevant to the [101 separate] areas of inquiry stated in the Notice of Deposition"), and the process already underway to produce electronic documents in response to V.Ships' documents request, the duces tecum request is particularly egregious.

Because of these glaring deficiencies, there is good cause for the Court to act to protect the deponents from Plaintiff's abuse of the procedural rules, and the Court should enter an order barring Plaintiff from deposing Plaintiffs' 30(b)(6) corporate representatives until a proper notice and subpoena duces tecum are served on them and barring V.Ships from deposing Plaintiffs' 30(b)(6) corporate representatives prior to Monday, September 13, 2010, and, thereafter, only at a date and time of mutual convenience to *all* of the parties.  Plaintiffs, therefore, respectfully request such an order be entered.

### C. V.SHIPS' COUNSEL DID NOT RESPECT PLAINTIFFS' ATTEMPTS TO COORDINATE THE DEPOSITION DATE

Counsel for V.Ships sent the Notices of Deposition knowing full well that they would not permit Plaintiffs to comply with the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Florida.  First, V.Ships noticed the depositions of Plaintiffs' 30(b)(6)

corporate representatives for the above-described dates despite the fact that Plaintiffs had previously advised V.Ships that those dates did not provide Plaintiffs with enough time to comply with the obligations or requirements thereunder.  Second, the Notices of Deposition each lists 101 separate areas of inquiry for six (6) separate corporations to commence eight (8)[5] business days from the date of notice.  Third, the Notices of Deposition request that the deponents bring with them an extensive and voluminous array of documents is particularly egregious considering that V.Ships has not yet provided Plaintiffs with ESI search parameters for its formal documents production.  And fourth, there does not appear to be any coordination with counsel for co-defendant, RINA, with respect to the setting of these depositions or with regard to the designated subject areas.  Indeed, counsel for V.Ships has stated that they "don't intend to take the corporate representatives depositions with all defendants jointly," reinforcing Plaintiffs' claim that V.Ships has refused to coordinate with its co-defendant.

While unilaterally-issued deposition notices are not *per se* improper, the Discovery Handbook mandates that an attorney who unilaterally sets a deposition "indicat[e] a willingness to be reasonable about any necessary rescheduling."  S.D. Fla. L.R., App. A, II.A.(1).  In this case, undersigned counsel had previously written to V.Ships' counsel, indicated that they had a conflict with the proposed dates, and asked that opposing counsel propose new dates in early September.  V.Ships' counsel, however, has refused and insists on proceeding, per *their* chosen schedule, commencing on August 23 and ending on August 30 (a day that counsel for Plaintiffs' had specifically advised that they are unavailable).

Accordingly, this further reason provides additional good cause for the Court to enter a protective order, as set forth in preceding section.

---

[5] Seven (7) business days if this Court agrees with Plaintiffs and considers the date of the Notices of Deposition to be Thursday, August 12, 2010 rather than Wednesday, August 11, 2010 since counsel for V.Ships sent them after 5:00 p.m.

## CERTIFICATION REQUIRED BY LOCAL RULES 7.1.A.3 AND 26.1.I

Pursuant to Southern District of Florida Local Rules 7.1.A.3 and 26.1.I, undersigned counsel certifies that they conferred with opposing counsel upon first receiving word that V.Ships intended to depose Plaintiffs' 30(b)(6) corporate representatives, until the depositions were formally noticed, and by way of email before filing this Motion.  In attempting to confer, Plaintiffs' counsel asked opposing counsel to agree to move each of the six (6) noticed 30(b)(6) depositions duces tecum to a mutually agreeable date and time, no earlier than Monday, September 13, 2010, to delete the duces tecum request for documents production and to coordinate with co-defendant's counsel.  Opposing counsel did not agree to the relief sought in this Motion.

**WHEREFORE,** for the aforementioned reasons, Plaintiffs respectfully request that the Court enter a protective order barring VSLS from deposing Plaintiffs' 30(b)(6) corporate representatives until counsel for both parties can agree on a date and time of mutual convenience to the parties, no earlier than Monday, September 13, 2010.

Dated:  August 12, 2010.

        **K&L GATES LLP**
        Wachovia Financial Center
        200 S. Biscayne Boulevard, Suite 3900
        Miami, Florida 33131
        Telephone:  305.539.3300
        Facsimile:  305.358.7095
        *Attorneys for Plaintiffs*

        By:  */s/ Daniel A. Casey*
            Daniel A. Casey, Esq.
            Florida Bar No. 327972
            daniel.casey@klgates.com
            Robert M. Kritzman, Esq.
            Florida Bar No. 0475830
            robert.kritzman@klgates.com
            Steven R. Weinstein, Esq.
            Florida Bar No. 985848
            steven.weinstein@klgates.com

- 10 -

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court this 12th day of August, 2010 by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Michael T. Moore, Esq.<br>Clay M. Naughton, Esq.<br>Scott A. Wagner, Esq.<br>Moore & Company<br>355 Alhambra Circle, Suite 1100<br>Coral Gables, FL 33134<br>Telephone: 786.221.0600<br>Facsimile: 786.221.0601<br>mmoore@moore-and-co.net<br>cnaughton@moore-and-co.net<br>swagner@moore-and-co.net<br>*Attorneys for Defendants V.Ships Leisure SAM,<br>& V.Ships Leisure (UK), Ltd.* | William B. Milliken, Esq.<br>Patricia L. McMillan Minoux<br>Hayden Milliken & Boeringer PA<br>2121 Ponce de Leon Boulevard, Suite 730<br>Coral Gables, FL 33134<br>305-662-1523<br>Fax: 663-1358<br>wmilliken@hayden-milliken.com<br>lmcmillan@hayden-milliken.com<br>*Attorneys for Defendant RINA S.p.A.* |

*/s/ Elisa Jaclyn*
ELISA JACLYN