UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23411-CIV-UNGARO/SIMONTON

**SEVEN SEAS CRUISES S. DE R.L.,**
et al.,

    Plaintiffs,
v.

**V. SHIPS LEISURE SAM, et al.,**

    Defendants.
_____/

## ORDER GRANTING BY DEFAULT PLAINTIFFS' MOTIONS TO COMPEL
### (DE ## 149 & 150)

Presently pending before the Court are Plaintiffs' Motion to Compel Production of Report of Kelley Gordon and Request for an Expedited Ruling (DE # 149) and Plaintiffs' Motion to Compel Defendants to Conduct Discovery of Electronically-Stored Information in Response to Plaintiffs' Requests for Production of Documents and Request for an Expedited Ruling (DE # 150).  Both Motions are directed at Defendants V.Ships Leisure SAM and V.Ships Leisure UK, Ltd., (collectively "V.Ships Defendants").  However, the V. Ships Defendants have failed to file responses to the Motions and the time for doing so has elapsed.  The Motions have been referred to the undersigned (DE # 157).  After a thorough review of the Motions and the record as a whole, the Motions are GRANTED, in part, by DEFAULT.

I. **BACKGROUND**

This matter was initiated when Plaintiffs Seven Seas Cruises S. DE R. L., Prestige Cruise Holdings Ltd., f/k/a Classic Cruise Holdings, S. DE R. L., LLC, d/b/a Regent Seven Seas Cruises and Celtic Pacific (UK) Ltd., Celtic Pacific Two (UK) Ltd., Supplystill Ltd.,

and Radisson Seven Seas France SNC (collectively "Seven Seas"), who are cruise ship owners and/or their agents, sued various Defendants, including the V.Ships Defendants, for damages arising from the alleged failure of Defendants to provide proper ship management, care and oversight for several cruise ships owned by Plaintiff Regent Seven Seas Cruises (DE # 1).  In the Second Amended Complaint, Plaintiffs advance the following causes of action against various Defendants: Negligent Misrepresentation (Counts I, III); Negligence (Counts II, IV); Breach of Contract (Counts V, VI, VIII); Breach of Warranty of Workmanlike Performance (Count VII); Fraud (Count IX); and, Unjust Enrichment (Count X) (DE # 53).[1]

V.Ships Defendants have filed Answers to the Second Amended Complaint wherein Defendants raised various affirmative defenses including statute of limitations, laches, statute of frauds and failure to mitigate (DE ## 145, 146).

The matter is set for trial for the two week trial period commencing March 14, 2011 and the non-expert discovery deadline was November 26, 2010 (DE ## 57, 119).  The following discovery Motions have been filed by Plaintiffs and for the following reasons will be granted, in part, by default.

## II. LAW & ANALYSIS

   A.   **Plaintiffs' Motion to Compel Production of Report of Kelley Gordon and Request for Expedited Ruling (DE # 149)**

In this Motion, Plaintiffs request that Defendants produce a report form Kelly Gordon, Safety Manager of V.Ships Leisure SAM.  According to Plaintiffs, during the

---

[1] Several Defendants have been dismissed from the action including, RINA S.p.A. (DE # 117) and Marine Contracting Association Limited (DE # 72).  In addition, Plaintiffs voluntarily dismissed V.Ships Leisure SAM from Counts VI, VII and VIII of the Second Amended Complaint (DE # 120), although V.Ships Leisure SAM still remains named as a Defendant in Count V, Breach of Contract.

2

deposition of V.Ships Leisure Sam's Chief Operating Officer Andrea Zito, Mr. Zito testified about a report authored by Mr. Gordon relating to the "environmental situation" on one of the cruise ships at issue, which was prepared at the behest of the Defendants' management. Plaintiffs assert that at the deposition, Counsel for the Defendants stated that Defendants would produce the Report to the Plaintiffs shortly after the deposition. However, after Plaintiffs requested the Report from Defendants at least two times subsequent to the deposition, Defendants asserted that the Report was work product related to another matter and refused to produce the Report. Plaintiffs note in the Motion that the Defendants failed to identify the Report in their October 1, 2010 privilege log. Plaintiffs therefore request that the Court compel the Defendants to produce the "Gordon Report" on or before November 12, 2010.

As stated above, as of the date of this Order, the Defendants have failed to provide a response to the Plaintiffs' Motion to Compel the "Gordon Report" or otherwise seek relief from this Court to prevent the disclosure of the Report, and the time for responding to the Motion has now passed.

      B.    <u>Plaintiffs' Motion to Compel Defendants to Conduct Discovery of Electronically-Stored Information in Response to Plaintiffs' Requests for Production of Documents and Request for an Expedited Ruling (DE # 150)</u>

In this Motion, Plaintiffs seek to compel V.Ships Defendants to utilize certain search terms to conduct a search of Defendants' electronically-stored information ("ESI") in order to produce documents responsive to Plaintiffs' Request for Production (DE # 150). Plaintiffs contend that several months ago the Parties agreed to use certain search terms to search for and capture Defendants' relevant non-privileged ESI responsive to Plaintiffs' discovery requests in an effort to narrow the set of documents yielded from that search. Plaintiffs state that after receiving and reviewing a DVD-Rom

**from Defendants that purportedly contained the results of the search which used the agreed-upon search terms, and after taking the deposition of one of the Defendants' corporate witnesses, Plaintiffs discovered that the Defendants, in fact, had not conducted the search using the agreed-upon terms.  Plaintiffs therefore request that the Court compel the Defendants to conduct the "proper" search of their ESI and produce the results to Plaintiffs within ten days.  In support of their request, Plaintiffs have attached a document entitled "Plaintiffs' First Search Terms for Rule 26 Disclosures and Discovery" which lists fifty-nine search phrases that Plaintiffs contend were the terms and phrases that Defendants were supposed to use in conducting their search (DE # 150-1).  In addition, Plaintiffs request that Defendants be required to comply with the following directions for production:**

> **ESI to be produced in its native format using the following load file specifications:**
>
> i. **Group IV single page tiff, 300 dpi;**
>
> ii. **Extract text; Text file should be in the same folder as the tiff images; text file name matches first image file name for each document;**
>
> iii. **Maintain document composition within output folders (Do not split documents across output folders);**
>
> iv. **Soft control number /tiff image name should be consecutive starting with alpha prefix;**
>
> v. **image folder structure should follow source folder structure;**
>
> vi. **Opticon load file for images.**

**(DE # 150 at 5 n. 5).  In the alternative, Plaintiffs request that, if the Defendants are unable to conduct a proper search, that the Court appoint a third party electronic discovery vendor to perform the searches. Plaintiffs also request that Plaintiffs be**

permitted to conduct additional depositions, if necessary, once the ESI obtained through the use of proper search terms is received and, finally request that they be awarded fees and costs associated with bringing the Motion to Compel (DE # 150 at 6).

The Defendants have also failed to respond to this Motion to Compel and the time for doing so has elapsed.

### C.    Local Rule 7.1 (c) of the Local Rules of United States District Court for the Southern District of Florida

Local Rule 7.1 (c) provides in relevant part, "...each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default."  Thus, in this case, because the Defendants have failed to file a response to either of the Motions to Compel filed by the Plaintiffs, the undersigned finds that it is appropriate to grant the Motions, in part by default.

### III. CONCLUSION

Therefore, based on the foregoing, it is

**ORDERED AND ADJUDGED** Plaintiffs' Motion to Compel Production of Report of Kelley Gordon and Request for Expedited Ruling (DE # 149) is **GRANTED by DEFAULT**.  The Defendants shall produce the Report of Kelley Gordon referenced in the Plaintiffs' Motion to Compel, on or before the close of business on Wednesday, December 8, 2010.  It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Defendants to Conduct Discovery of Electronically-Stored Information in Response to Plaintiffs' Requests for Production of Documents and Request for an Expedited Ruling (DE # 150)

is **GRANTED, in part, by DEFAULT.** The Defendants shall conduct a search of electronically stored information using the terms submitted by Plaintiffs contemporaneously with the Motion to Compel (DE # 150-1) and produce the results of said searches on or before the close of business on Monday, December 13, 2010. The Defendants shall produce the requested electronically stored information in the format as specified above in this order. If the Defendants are unable to perform the search in the manner specified, the Defendants shall notify the Court no later than Wednesday, December 8, 2010, so that the Court may appoint a third party vendor to perform the search, if necessary. To the extent that Plaintiffs seek to conduct additional or second deposition of certain witnesses based upon the information provided by Defendants in compliance with this Order, Plaintiffs must seek relief by way of a separate motion which specifically identifies the reasons for the additional deposition. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' request for attorney's fees and costs associated with filing the instant Motions to Compel is **DENIED,** without prejudice to renew if Defendants fail to comply with this Order.

**DONE AND ORDERED** in chambers in Miami, Florida on December 2, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record