UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23411-CIV-UNGARO/SIMONTON

SEVEN SEAS CRUISES S. DE R.L.,
et al.,

    Plaintiffs,

v.

V. SHIPS LEISURE SAM, et al.,

    Defendants.
_____/

### ORDER ON DEFENDANT V.SHIPS MOTION FOR LIMITED PROTECTIVE ORDER AND PLAINTIFFS' MOTION TO STRIKE AND/OR COMPEL THE DEPOSITION OF DEFENDANTS' REBUTTAL EXPERT DANIEL ROBSHAM
(DE ## 158, 175)

Presently pending before the Court are Defendant V.Ships' Motion for Limited Protective Order for Defendant's Rebuttal Expert, Dan Robsham, and for Expedited Ruling (DE # 158) and Plaintiffs' Motion to Strike and/or Compel the Deposition of Defendants' Rebuttal Expert Daniel Robsham (DE # 175). The Motions have been referred to the undersigned (DE # 160).[1] A hearing was held on the Motions, wherein the undersigned ruled on the Motions from the bench. This Order incorporates the rulings made at that hearing.

In the Defendant's Motion, Defendant requested that the deposition of its expert rebuttal witness Dan Robsham be either conducted remotely through video conferencing or that it be taken after December 17, 2010, when Mr. Robsham returns to Miami (DE # 158). In support of its Motion, Defendant asserted that on November 24, 2010, Defendant learned

---

[1] The Defendant's Motion for Limited Protective Order regarding expert Daniel Robsham was referred to the undersigned by the Honorable Ursula Ungaro pursuant to an Expedited Order of Reference directing the undersigned to all necessary action with respect to that Motion (DE # 160). Plaintiffs thereafter filed a response to the Defendant's Motion and in that same document sought to strike and/or compel the deposition of that expert (DE # 169). The Clerk of Court docketed the Plaintiffs' Motion to Strike and/or Compel as separate Motion (DE # 175). Thus, the undersigned regards the Expedited Order of Reference on the Motion for Protective Order as necessarily encompassing Plaintiffs' Motion to Strike and/or Compel.

that Mr. Robsham was traveling to Chile to oversee a vessel building project and would not be returning to Miami until December 17, 2010.  Defendant asserts that it alerted Plaintiffs to Mr. Robsham's unavailability and offered to make him available either after his return or via a video deposition but that Plaintiffs refused either suggestion.  Due in large part to the expense associated with Mr. Robsham flying to Miami for his deposition, Defendant therefore requested that the Court direct the Plaintiffs to conduct Mr. Robsham's deposition remotely through video conferencing or that the Court extend the time permitted to make Mr. Robsham available for deposition.

Plaintiffs, on the other hand, contended that the Defendants failed to make Mr. Robsham available for deposition in Miami prior to the December 10, 2010 deadline date set by the Court's Order issued on November 22, 2010 (DE # 156).  In addition, Plaintiffs argued that taking Mr. Robsham's deposition via video conferencing would be very difficult and will hamper Plaintiffs' ability to conduct an effective deposition because of the number of documents that Mr. Robsham will be questioned about and shown at the deposition.  Plaintiffs contended that Mr. Robsham should either be compelled to appear for a deposition in Miami or that Mr. Robsham be stricken as an expert for the Defendants.

On December 6, 2010, a hearing was held on the Motions. At the hearing, Defendant V.Ships assured the Court that excellent video conferencing capabilities were present at Mr. Robsham's location and that all necessary documents would be available with respect to such a video conference deposition.  Defendant also advised the Court, without dispute, that another deposition in this case had been successfully taken via video conferencing. The undersigned therefore concluded that, after considering the balance of interests of the Parties, and the December 10, 2010 deadline date set by the Court for the depositions of the Parties' expert witnesses, that Mr. Robsham's would be deposed via video conferencing.

The Court therefore directed Defendant to produce Mr. Robsham for a video conference deposition on or before December 10, 2010.

Accordingly, for the reasons stated on the record at the hearing, it is

**ORDERED AND ADJUDGED** that Defendant V.Ships' Motion for Limited Protective Order for Defendant's Rebuttal Expert, Dan Robsham and for Expedited Ruling (DE # 158) is **GRANTED**, in part.  Mr. Robsham shall be produced for deposition via video conference on or before Friday, December 10, 2010.  The burden of arranging the video conference shall be borne by Defendant, however, the costs will be considered taxable costs at the conclusion of the litigation.  It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike and/or Compel the Deposition of Defendants' Rebuttal Expert Daniel Robsham (DE # 175) is **DENIED.** However, this ruling is made without prejudice for Plaintiffs to seek to conduct a second deposition of Mr. Robsham if Plaintiffs, despite their best efforts, are unable to conduct an adequate deposition of the witness due to his remote location, including technical difficulties or the inability to adequately examine him with respect to relevant documents.

**DONE AND ORDERED** in chambers in Miami, Florida on December 9, 2010.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable Ursula Ungaro
      United States District Judge
All counsel of record