UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23411-CIV-UNGARO/SIMONTON

SEVEN SEAS CRUISES S. DE R.L.,
et al.,

    Plaintiffs,
v.

V. SHIPS LEISURE SAM, et al.,

    Defendants.
_____/

## ORDER ON DISCOVERY MOTIONS

Presently pending before the Court are Plaintiffs' Motion to Compel Defendants' Compliance with Rule 26.1(a) Initial Disclosures (DE # 121), Defendant V. Ships Leisure S.A.M.'s Motion to Compel Production of Documents (DE # 125), and Plaintiffs' Motion to Compel Defendant to Cooperate in Discovery and Produce Corporate Witnesses and Various Employees for Depositions and Sanctions (DE # 127).  The Motions have been responded to (DE ## 130, 131, 138) and Replies have been filed (DE ## 135, 139, 140 142).  The Motions have been referred to the undersigned (DE ## 122, 126, 128).  A hearing was held on the Motions, wherein the undersigned ruled on the Motions from the bench.  This Order incorporates the rulings made at that hearing.

    I. BACKGROUND

This matter was initiated when Plaintiffs Seven Seas Cruises S. DE R.L., Prestige Cruise Holdings Ltd., f/k/a Classic Cruise Holdings, S. DE R.L., LLC, d/b/a Regent Seven Seas Cruises and Celtic Pacific (UK) Ltd., (collectively "Seven Seas"), who are cruise ship owners and/or their agents, sued various Defendants including V.Ships Leisure SAM and V. Ships Leisure UK (V.Ships Defendants), for damages arising from the alleged failure by Defendants to provide proper ship management, care and oversight for

several cruise ships owned by Plaintiff Regent Seven Seas Cruises (DE # 1).[1] Specifically, in the Second Amended Complaint, Plaintiffs advanced the following causes of action against various of the Defendants: Negligent Misrepresentation (Counts I, III); Negligence (Counts II, IV); Breach of Contract (Counts V, VI, VIII); Breach of Warranty of Workmanlike Performance (Count VII); Fraud (Count IX); and, Unjust Enrichment (Count X) (DE # 53).

V.Ships Defendants have filed Answers to the Second Amended Complaint wherein Defendants raised various affirmative defenses including statute of limitations, laches, statute of frauds and failure to mitigate (DE ## 145, 146).

The matter is set for trial for the two week trial period commencing March 14, 2011 and the non-expert discovery deadline was November 26, 2010 (DE ## 57, 119).

II. LAW & ANALYSIS

    A.    **Plaintiffs' Motion to Compel Defendants' Compliance with Rule 26.1(a) Initial Disclosures (DE # 121)**

In this Motion, Plaintiffs sought to have Defendants provide complete information regarding the witnesses, documents and electronically stored information identified in the Defendant's Rule 26. 1 Initial Disclosures. However, at the outset of the hearing on the Motions, the Parties confirmed that this Motion is moot and therefore the Motion was denied as such.

    B.    **Plaintiffs' Motion to Compel Defendants to Cooperate in Discovery and Produce Corporate Witnesses and Various Employees for Depositions and Sanctions (DE # 127)**

In this Motion, Plaintiffs sought to have the V.Ships Defendants produce several

---

[1] **Defendant V.Ships Leisure UK was added as a Defendant in the First Amended Complaint (DE # 2).**

2

corporate witnesses and employees for deposition. In the Motion, Plaintiffs asserted that the V.Ships Defendants only produced three of the ten witnesses that Plaintiffs requested for deposition. According to Plaintiffs, Defendants asserted that the deponents were not employed by V.Ships or were not officers, directors or managing agents of V.Ships and therefore did not have to be produced by Defendants. Plaintiffs alleged that Defendants also failed to provide Plaintiffs with the addresses for the deponents.

In addition, Plaintiffs argued that the Defendants did not act in good faith because initially they indicated that they would voluntarily produce the witnesses and then forty-five days later changed their position (DE # 127 at 10). As a result, Plaintiffs assert that they relied upon the Defendants' initial representations and were prejudiced by having such a short time to arrange and complete the depositions of foreign witnesses, which Plaintiffs contended could take several months. Plaintiffs therefore also sought sanctions in the form of attorneys' fees and costs based upon the Defendants' alleged improper conduct (DE # 127 at 12).

In Response to the Motion, Defendants asserted that pursuant to Federal Rule of Civil Procedure 30, a corporate party is not required to voluntarily produce employees for deposition except for officers, directors or managing agents of the corporation. Defendants argued that the proper way to secure the deposition of a witness who is not an officer of a corporation is through a subpoena issued pursuant to Fed. R. Civ. P. 45 and further contended that they never voluntarily agreed to produce the employee witnesses. Defendants contended that they told the Plaintiffs as much with two months left in the discovery period. Defendants further asserted that it would be unduly burdensome to require the Defendants to "pull" their non-officer employees from the

various locations worldwide to produce them for deposition.

At the hearing, the Parties stated that there were four depositions that had not been taken and thus remained at issue. In addition, Defendants conceded that the Defendants' Counsel had initially sent an email to Plaintiffs' Counsel stating that the Defendants were working on obtaining deposition dates for various witnesses, including the four witnesses at issue in Plaintiff's Motion to Compel (DE # 138-1). In addition, one of the witnesses at issue had initially been identified by Defendants as a 30(b)(6) representative who, according to the same email, would likely be available for deposition the week of September 20th (DE # 138-1 at 2).

Based upon the arguments made at the hearing and the Parties' submissions, the undersigned granted the Motion to Compel and directed the Defendants to produce the witnesses for deposition at their respective normal place of abode or other mutually convenient place, at a mutually convenient time, on or before November 26, 2010. Specifically, the undersigned concluded that the Defendants' statements, most particularly the statements made in the September 1, 2010 email, reasonably led the Plaintiffs to believe that the deponents at issue would be produced by Defendants. Thus, if Defendants did not now produce the witnesses, Plaintiffs would be prejudiced because of the rapidly approaching discovery deadline. However, although the Defendants changed their position regarding the production of the deponents, the undersigned concluded that under the facts of this case, that sanctions were not warranted because there was no indication that the Defendants had acted in bad faith. Therefore, for the reasons stated on the record at the hearing, the Plaintiffs' Motion to Compel was granted, in part.

### C. Defendant V.Ships Leisure S.A.M.'s Motion to Compel Production of Documents (DE # 125)

In this Motion, Defendant V.Ships sought to have Plaintiffs produce documents in response to Defendants' Notice of Taking Rule 30(b)(6) Deposition Duces Tecum which was served on each of the Plaintiffs (DE # 125 at 3). The Notice requested documents to be produced at the 30(b)(6) depositions as follows:

> 1. All documents relevant to the areas of inquiry stated in the Notice of Deposition.
>
> 2. All documents reviewed or used by deponent in preparation of the deposition.

(DE # 125-3). Plaintiffs objected to the duces tecum Notices as overly broad and duplicative, and argued that the Notices sought documents that were protected by the work product doctrine. Defendant withdrew item 1, and thus only item 2 remains at issue (DE # 125 at 3).

In their Motion to Compel the production of the requested documents, Defendants argued that the request was appropriate because Plaintiffs had turned over more than 17,000 pages of hard copy documents and Defendants' search of electronically stored information (ESI) had yielded, at least, tens of thousands of documents, and perhaps millions. Defendants asserted that because Plaintiffs failed to reveal the specific documents that the Plaintiffs intended to rely on to support their claims, that Defendants were entitled to view the documents that Plaintiffs' corporate representatives relied on to support their case (DE # 125 at 6).

In opposition to the Motion to Compel, Plaintiffs asserted that if the corporate representative witnesses were required to produce the documents they reviewed in preparation of their deposition, that production would reveal the mental impression and

5

strategic determinations of Plaintiffs' counsel because counsel had prepared the corporate representatives for their depositions on behalf of the Plaintiffs (DE # 131 at 2). Thus, Defendants would know which documents Plaintiffs' counsel deemed central to Plaintiffs' claims as those documents were selected by Plaintiffs' counsel for deposition preparation.

Prior to any of the depositions proceeding, Defendants agreed to withdraw the request related to the areas of inquiry and only requested that the deponents bring all documents relied on or used by the deponent in preparation of the deposition (DE # 124 at 3). However, Plaintiffs still objected to the Notices to the extent that they sought work product documents.

At the hearing, the undersigned acknowledged that there clearly is a need to protect documents from disclosure that reveal the opinion work product of counsel. However, the undersigned concluded that in the 30(b)(6) context, a corporation cannot shield itself from the duties required under the rules of discovery merely by allowing its counsel to review all of the documents that its corporate representative uses to obtain a basis of knowledge in preparation of the 30(b)(6) deposition or to refresh his recollection, and then claim that those documents are protected from disclosure under the work product doctrine. Rather, it is the responsibility of the corporation and the 30(b)(6) corporate representative to gather the information relevant to the areas of inquiry for the deposition. Thus, without a greater showing that the documents reviewed by the 30(b)(6) deponent in preparation for his/her deposition are actually work product, the documents are not shielded them from disclosure. *See Calderon v. Reederei Claus-Peter Offen GMBH & Co.*, 2009 WL 1748089 (S.D. Fla. 2009); *In re Trasylol Prods. Liab. Litig.*, 2009 WL 936597 (S.D. Fla. 2009); *In re Seroquel Products Liability Litigation*, 2008

WL 215707 (M.D. Fla. 2008). Therefore, as explained in more detail at the hearing, the undersigned ordered the deponents to produce documents at their deposition that the deponent relied upon in providing testimony as to the areas of inquiry at the deposition.

In addition, the undersigned further ruled that any documents that were used by the corporate representative to refresh his/her recollection regarding specific areas of inquiry at the deposition also had to be produced at the deposition. *See Fed.R.Evid*. 612. However, the Court also opined that the deponent did not need to state how the deponent was directed to or decided to review specific documents, and further did not have to disclose documents that may have been reviewed by the deponent but did not assist in forming the basis of the deponent's knowledge for answering questions at the deposition and/or were not relied upon to refresh his/her recollection for answering questions at the deposition.

The undersigned further ruled that to the extent that other deponents who were issued the same deposition Notices at issue had already been deposed, the documents reviewed in preparing for their deposition as the 30(b)(6) representative would have to be produced, to the extent they were relied upon by the deponent to answer questions at the deposition related to the areas of inquiry, or were used to refresh the deponent's recollection regarding those areas of inquiry. However, the Defendants shall make specific requests for production regarding the documents sought following the deposition and the Plaintiffs shall have seven days to respond to those requests.

Accordingly, at the hearing, the undersigned granted the Motion, in part.

III. **CONCLUSION**

Therefore, based on the foregoing, and consistent with the undersigned's rulings made at the hearing and for the reasons stated on the record at the hearing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Defendants' Compliance with Rule 26.1(a) Initial Disclosures (DE # 121) is **DENIED, as moot**. It is further

**ORDERED AND ADJUDGED** that Defendant V.Ships Leisure S.A.M.'s Motion to Compel Production of Documents (DE # 125) is **GRANTED**, **in part**, as ruled at the hearing on the Motion and as set forth in this Order.

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Defendant to Cooperate in Discovery and Produce Corporate Witnesses and Various Employees for Depositions and Sanctions (DE # 127) is **GRANTED, in part,** as ruled at the hearing on the Motion and as set forth in this Order.

**DONE AND ORDERED** in chambers in Miami, Florida on December 10, 2010.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record