UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23411-CIV-UNGARO/SIMONTON

**SEVEN SEAS CRUISES S. DE R.L.,**
et al.,

    Plaintiffs,
v.

**V. SHIPS LEISURE SAM, et al.,**

    Defendants.
_____/

## ORDER GRANTING, IN PART, PLAINTIFFS' MOTION TO COMPEL RE: ELECTRONICALLY STORED INFORMATION

Presently pending before the Court is Plaintiffs' Motion to Compel Defendants to Conduct Discovery of Electronically-Stored Information in Response to Plaintiffs' Requests for Production of Documents (DE # 150). The Motion has been responded to (DE # 166) and a Reply and Sur-Reply have been filed (DE ## 183, 205). The Motion has been referred to the undersigned (DE # 157). A hearing was held on the Motion, at which time the undersigned orally ruled on the Motion, granting it in part. This Order sets forth the rulings made at that hearing.

### I. BACKGROUND

This matter was initiated when Plaintiffs Seven Seas Cruises S. DE R.L., Prestige Cruise Holdings Ltd., f/k/a Classic Cruise Holdings, S. DE R.L., LLC, d/b/a Regent Seven Seas Cruises and Celtic Pacific (UK) Ltd., (collectively "Seven Seas"), who are cruise ship owners and/or their agents, sued various Defendants including V.Ships Leisure SAM and V. Ships Leisure UK ("V.Ships Defendants"), for damages arising from the Defendants' alleged failure to provide proper ship management, care and oversight for

several cruise ships owned by Plaintiff Regent Seven Seas Cruises (DE # 1).[1] Specifically, in the Second Amended Complaint, Plaintiffs advanced the following causes of action against various of the Defendants: Negligent Misrepresentation (Counts I, III); Negligence (Counts II, IV); Breach of Contract (Counts V, VI, VIII); Breach of Warranty of Workmanlike Performance (Count VII); Fraud (Count IX); and, Unjust Enrichment (Count X) (DE # 53).

The V.Ships Defendants have filed Answers to the Second Amended Complaint wherein Defendants raised various affirmative defenses including statute of limitations, laches, statute of frauds and failure to mitigate (DE ## 145, 146).

II. POSITIONS OF THE PARTIES

    A.  Plaintiffs' Motion to Compel ESI Discovery

        1.  Plaintiffs' Position

Plaintiffs have filed a Motion to Compel Defendants to Conduct Discovery of Electronically-Store Information. In the Motion, Plaintiffs request that the Defendants be compelled to apply the Plaintiffs' search terms to the Defendants' electronically-stored information ("ESI") in order for Defendants to locate and produce documents responsive to Plaintiffs' Requests for Production of Documents. According to the Motion, during the course of discovery, the Parties agreed to employ the use of certain search terms to gather ESI material from Defendants that was responsive to Plaintiffs' discovery requests. Specifically, the Plaintiffs provided the Defendants with a set of "Boolean" search terms to be used in searching Defendants' ESI (DE # 150-1). Defendants completed a search of their ESI and provided the Plaintiffs with the results of that search

---

[1] Defendant V.Ships Leisure UK was added as a Defendant in the First Amended Complaint (DE # 2).

in the form of a DVD-Rom which contained several .pdf files with approximately 30,000 documents, comprised of information collected from several different employees of the Defendants. Plaintiffs assert that during the deposition of Richard Evenhand, the Managing Director of V.Ships Leisure UK Ltd., Mr. Evenhand testified that although the Defendants collected ESI from the various custodians (employees), they did not use the agreed-upon search terms, but rather only searched the ESI for the word "Navigator". In addition, Plaintiffs assert that Defendants failed to search and/or produce documents from all relevant custodians. Plaintiffs contend that based upon consultation with their external electronic discovery vendor, Plaintiffs believe that Defendants conducted one-word searches that were only run through Defendants' email program and then converted to .pdf format.

In addition, Plaintiffs contend that the format used by the Defendants to produce the ESI to Plaintiffs was far different and more difficult to use than the following format, as to which Defendants had previously agreed to produce the ESI:

> **ESI to be produced in its native format using the following load file specifications:**
>
> i. Group IV single page tiff, 300 dpi;
>
> ii. Extract text; Text file should be in the same folder as the tiff images; text file name matches first image file name for each document;
>
> iii. Maintain document composition within output folders (Do not split documents across output folders);
>
> iv. Soft control number /tiff image name should be consecutive starting with alpha prefix;
>
> v. Image folder structure should follow source folder structure;
>
> vi. Opticon load file for images.(DE # 150 at 5 n. 5).

Plaintiffs therefore request that Defendants be required to re-run the ESI search using the agreed-upon search terms, produce the ESI according to the agreed-upon format and pay the costs associated with Plaintiffs bringing the Motion to Compel.

In support of their Motion, Plaintiffs have attached a document entitled "Plaintiffs' First Search Terms for Rule 26 Disclosures and Discovery" which lists 59 search phrases that Plaintiffs contend were the terms and phrases that were the "agreed upon" terms that the Defendants were to use in conducting their ESI search (DE # 150-1).

### 2. Defendants' Response

In Response to Plaintiffs' Motion, Defendants assert that Defendants' computer systems do not allow for "Boolean" type searches using connectors like "and", "or", "not" and "near" to limit or widen a search. Defendants therefore conducted the search using key search terms without limiting Boolean search term connectors. Defendants contend that because 55 of the 59 agreed upon search terms contained the word "Navigator" that searching that term without limitation yielded all of the documents with that term in it.[2] Defendants therefore argue that by conducting the searches without limits, Defendants conducted a complete search and Plaintiffs received all of the documents that they requested as well as additional documents. Defendants contend that they did not object to the use of Plaintiffs' search terms, and that their initial production to Plaintiffs contained 30,480 pages of documents in "fully searchable Bates Stamped PDFs" (DE # 166 at 3).

In addition, Defendants explain that to the extent there appears to be a shortage

---

[2] Defendants also stated at the hearing that, as Mr. Evenhand testified, the remaining four search terms were also used in conducting the search for responsive documents.

of non-email documents, that may be because the Defendants only managed the Vessel at issue from 1999 to 2000 when all essential documents were handed over to an entity that took over the technical management of the Vessel; and the Defendants managed the Vessels for less than a year during 2008-2009 when the servers were migrated to an entity that reclaimed technical management in 2009.

### 3.   Parties' Replies

In their Reply, Plaintiffs assert, for the first time, that because Defendants only conducted their search using "Enterprise Vault" software and not "Enterprise Vault add-on" software that the Defendants search only was run though the text of emails. Plaintiffs assert in their Reply that with the "add-on" software, an "enhanced" search could have been conducted that would have permitted Defendants to search .pdf attachments and .zip files.[3]  Thus, Plaintiffs contend that Defendants have not performed a comprehensive search of all materials including all emails and attachments and all non-email ESI.

In support of these claims, Plaintiffs have attached the Sworn Declaration of Marc Hirschfeld, the President of Precision Legal Services, which provides e-discovery collection services to various companies (DE # 183-1).  Mr. Hirschfeld states that the Enterprise Vault system used by Defendant has many limitations which may be overcome with the use of the "add-on" and opines that searching without the use of the "add-on" feature likely resulted in inconsistent search results.  He also stated that Defendants' production is difficult to search because the "CTRL-F" function does not

---

[3] At the hearing, Plaintiffs receded from this position and stated that the "add-on" would have enabled a search using Boolean terms, but it would not have overcome the inability to search pdf or zip files.

allow Plaintiffs to search the attachments to the Emails. He further states that Plaintiffs' load-file specifications are standard and easily understood and could be produced with the assistance of an e-discovery vendor.

Thus, Plaintiffs object to the format in which the Defendants' documents have been produced because of its "cumbersome" nature, and specifically complain that the Defendants failed to: create separate files for each separate document; provide uniform names of files; produce files in the way they were maintained with the folder structure that existed in the email boxes or the non-email ESI; produce pages in chronological order; produce files with the bates-stamped attachments; and, produce the documents in a format that permit the hyperlinked documents to be accessed by name because the find function for PDF only scans the PDF file itself. Plaintiffs further argue that when they attempted to use different software to upload the documents, due to the size of Defendants' production, the software used was unable to do so. As a result of the format of Defendants' production, Plaintiffs assert that they have to print out the hardcopy of the documents which does not allow Plaintiffs to utilize the electronic search functionality of ESI.

In their Sur-Reply (DE # 205), Defendants assert that hundreds of hours have been spent collecting electronic documents responsive to Plaintiffs' search term requests, as well as, redacting privileged information from the documents, and bates stamping the documents. Defendants deny that only employees' emails were searched but rather contend that Plaintiffs' search terms were run through every reasonably accessible source of electronic information including: Network File Shares, Desktops, Laptops, Microsoft Exchange Email Server, and Symantec Enterprise Vault (DE # 205 at 3), and state that "each potential source of electronic documentation was fully searched."

6

**Defendants however concede that they did not and are unable to search "non-electronically searchable" documents.[4] Defendants contend that the only way to perform such a search is to obtain specialized software to process the files into a searchable format and then run the searches. Defendants assert that they would have to conduct the entire search again, including researching all of the electronically searchable documents, in order to comply with Plaintiffs' requests and estimate the cost of this process to be $34,730.**

**Further, Defendants assert that they produced the documents to Plaintiffs in the only format available to them that would allow for bates stamping and redaction and would also allow for electronic searching; Optical Character Recognition (OCR) pdf. Defendants contend that this is the same format that which Plaintiffs produced their electronic discovery to Defendants. Finally, Defendants state that .pdf is one of the most commonly utilized file formats and does not require any specialized software to view, search or manipulate. Thus, Defendants contend that the only way for Defendants to produce the documents in the format requested by Plaintiffs is to hire a professional e-Discovery vendor.**

**In support of their position, Defendants have submitted the Sworn Statement of Daniel Morales, the IT director of Moore & Company, P.A., which sets forth all of the arguments advanced by Defendants in the Sur-Reply and provides an estimate of the costs associated producing the ESI in Plaintiffs' requested format.**

---

[4] At the hearing, Defendants explained that if a document that contained a search term was attached to an e-mail that did not otherwise contain the search term, that e-mail would not be retrieved in the search. Defendants explained, however, that the attached document would also be located on the hard drive of a computer, and that the document would be retrieved through their search of the hard drives of relevant computers.

### III.    APPLICABLE LAW

Federal Rule of Civil Procedure 34, which governs the production of electronically stored information, provides that a party may specify the form in which electronically stored information is to be produced. Fed.R.Civ.P. 34(b)(1)(C).  The advisory committee notes to Rule 34 provide that, if the requesting party is not satisfied with the form stated by the responding party, or if the responding party has objected to the form specified by the requesting party, the parties must meet and confer pursuant to Rule 37(a)(1) in an effort to resolve the matter before the requesting party can file a motion to compel. Fed.R.Civ.P. 34 advisory committee's note.  Further, the notes provide that if the parties cannot agree to the form of the response and the court resolves the dispute, the court is not limited to the forms initially chosen by either the requesting party or the responding party.

### IV.  HEARING & ORAL RULINGS

On January 18, 2011, the undersigned held a hearing on Plaintiffs' Motion to Compel. At the outset of the hearing, Plaintiffs argued that the Defendants failed to use the "agreed to" search terms and did not conduct a Boolean search on all of the ESI held by the Defendants.  However, upon questioning from the Court, Plaintiffs conceded that the Defendants' failure to conduct a search using the "agreed to" search terms or using the Boolean method did not result in Plaintiffs receiving fewer responsive documents than those requested by Plaintiffs.  Rather, because the Defendants removed certain limits on the search terms when running the search, Plaintiffs actually received all documents which contained the relevant search terms.  As such, the undersigned concluded that the Plaintiffs' request that the Defendants re-run the search with all of the specified search terms was unnecessary.

**Plaintiffs also argued that Defendants failed to conduct a complete search of the entire universe of systems and/or computers that might contain ESI responsive to Plaintiffs' discovery requests. Specifically, Plaintiffs explained that the search methods and software used by the Defendants would not capture responsive ESI that was contained in either attachments to an email or in zip files. Plaintiffs argued that had Defendants used certain additional software, or hired an e-discovery consultant, email attachments and zip files could have been searched and thus Defendants' responses to Plaintiffs' requests would have been more complete and accurate. Defendants responded that all of the hard drives of the relevant employees had been searched and thus, to the extent that any attachments to emails were on those hard drives, they would have been produced, even if they later had been placed in a compressed file, otherwise known as a zip file.**

**Plaintiffs, however, produced an email with relevant budget attachments, dated March 28, 2007, that was exchanged between Susan St. Clair and Allister McKay, an employee of one of the Defendants, with the title, "Regent ESI-1051558", that had not been produced by Defendants to Plaintiffs in response to Plaintiffs' request for relevant ESI. The body of this email contained the word "navigator," and thus should have been retrieved if McKay's computer was searched. Defendants could not explain why the email had not been produced and speculated that either Mr. McKay's computer had not been searched, or that he had deleted the email prior to the search. Neither party could shed light on whether McKay's computer should have been within the scope of the search conducted for responsive documents.**

**Plaintiffs additionally contended that the Defendants had failed to identify which employees' (referred to by the Parties as "custodians"), computers and laptops had been**

searched, and further contended that the corporate representatives were unable to provide that information at their respective depositions.  Defendants conceded that the specific names of the employees whose computers had been searched had not been provided to the Plaintiffs, but stated that those persons could be identified.  Thus, the undersigned directed the Defendants to provide Plaintiffs with the identity of those persons who had their computers and laptops searched for ESI in response to Plaintiffs' discovery requests.

Further, Plaintiffs argued that the format in which Defendants produced the ESI was cumbersome and difficult to review because attachments to emails were "hyper-linked" to the email and not attached as a .pdf document but rather were attached in the attachment's native format, and those attachments were not Bates stamped.  However, Plaintiffs stated that they had been able to convert and/or otherwise review the documents and use them in preparation for trial in this matter, and thus did not seek a continuance based upon the ESI produced by Defendants as being either inaccessible or unusable.  Also, Defendants denied that they agreed to produce the ESI in specified format, but rather stated that they would "try" to accommodate Plaintiffs' request.

Finally, Plaintiffs asserted that Defendants failed to provide a privilege log regarding the ESI that had been redacted on the basis of privilege.  Defendants however indicated that such a privilege log had been produced to Plaintiffs.

Thus, based upon the arguments presented at the hearing, and the Parties' submissions, the undersigned ruled at the hearing that the Plaintiffs' Motion to Compel would be granted, in part.  Specifically, although the bulk of Plaintiffs' arguments related to the Defendants' failure to properly search for relevant ESI did not demonstrate that the Plaintiffs were unable to obtain relevant requested discovery in this matter, the

undersigned nevertheless concluded that the Defendants needed to provide additional information to Plaintiffs regarding the method in which the ESI searches were conducted.  Accordingly, the undersigned ordered the following:

On or before Monday, January 24, 2011, the Defendants shall submit an affidavit signed by a corporate representative for each of the Defendants, which sets for the following information:

1.  Which of the Defendants' employees' computers and laptops were searched to obtain ESI responsive to Plaintiffs' discovery requests;

2.  How Defendants selected which employees' computers and laptops would be searched to obtain ESI responsive to Plaintiffs' discovery requests;

3.  The Bates numbers that correspond to the search results for each of the employees' whose computers or laptops were searched, e.g., for employee "X's" files and emails, the Bates numbers are "Y" through "Z";

4.  Why the email document and attachments produced by Plaintiffs' Counsel at the hearing, dated March 28, 2007, exchanged between Susan St. Clair and Allister McKay with the title, "Regent ESI-1051558" was not produced by Defendants to Plaintiffs in response to Plaintiffs' request for relevant ESI;

5.  The exact search terms that were used by Defendants in conducting the search of computers and laptops for those search terms provided by Plaintiffs which did not include the word "Navigator", but rather requested included the following search terms: "Chris! /3 Dyson", "Tonci", "Masle", and "Nattero".

The undersigned further ruled that if, based upon the Affidavit filed by the Defendants, the Plaintiffs believe that they are in need of additional discovery or information, Plaintiffs may file a renewed motion to compel, and the undersigned will

immediately hold a hearing on the issue without waiting for the normal briefing period to expire.

### V.  CONCLUSION

Based upon a review of the record as a whole, and considering the arguments of counsel, the undersigned has determined that the ESI dispute in this case was caused primarily by the parties' mutual failure to communicate and work together in a good faith effort to resolve the areas of dispute.  The undersigned finds that the steps taken by Defendants to locate and produce ESI, generally speaking, were reasonable under the circumstances of this case; and, the cost of utilizing more intensive search methods outweighs the potential benefit.  However, the Court has concerns regarding whether the search conducted was as thorough as represented by Defendants' counsel.  Therefore, the undersigned has determined that it is appropriate to require a detailed affidavit; and to permit a renewed motion to compel, if necessary.  The parties must work together, however, in an attempt to resolve any disputes prior to filing such a motion.  In the future, the parties should more clearly specify the way in which e-discovery will be conducted, and if they cannot agree, file a motion to resolve ESI discovery methodology prior to the production of ESI, as contemplated by Fed. R. Civ. P. 34(b)(2)(D) and (E).

Therefore, based on the foregoing, and consistent with the undersigned's rulings made at the hearing and for the reasons stated on the record at the hearing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Defendants to Conduct Discovery of Electronically-Stored Information (DE # 150) is **GRANTED,** in part. To the extent that Plaintiffs' Motion sought to compel Defendants to conduct an additional search of Defendants' ESI due to the use of different search terms than those

requested by Plaintiffs, the Motion is denied.  Similarly, to the extent that the Plaintiffs sought to have the Defendants provide ESI in a re-formatted manner, that request is also denied.  To the extent that Plaintiffs sought additional information regarding the method used by Defendants in selecting and producing ESI responsive to Plaintiffs' discovery requests, that request is granted and Defendants shall submit an affidavit as ordered at the hearing and in compliance with the directives set forth above in this Order.  The Plaintiffs' requests for costs associated with bringing the Motion to Compel is also denied.

**DONE AND ORDERED** in chambers in Miami, Florida on January 19, 2011.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro**
　　　**United States District Judge**
**All counsel of record**