**EXHIBIT A**

| Custodian/Employee Not Produced | Bases for Seeking Production |
|---|---|
| Philippe Bertrand | Mr. Bertrand was the VSLSAM Fleet Financial Manager in 2008. As such, Mr. Bertrand was one of the individuals who received accounting invoices relating to the M/V Seven Seas Navigator, the M/V Seven Seas Voyager, and the M/V Seven Seas Mariner.<br><br>Despite not being listed on the Defendants' Witness List or the Rule 26 Disclosures, Mr. Bertrand's name appeared on **215** of the documents[1] that the Defendants produced to the Plaintiffs, a total **892** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Per Bjornsen | Mr. Bjornsen was the Marketing Director of VSLSAM, and involved with Business Development. Despite not being listed on the Defendants' Witness List or the Rule 26 Disclosures, Mr. Bjornsen's name appeared on **110** of the documents that the Defendants produced to the Plaintiffs, a total **403** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI.<br><br>Specifically, Mr. Bjornsen was a party to an email in May 2008 that discussed the technical management of the Navigator. *See* VSLUK 012693. |
| Ettore Bonaventura | The Defendants claim that Mr. Bonaventura was an employee of Vlasov and that they do not have access to his emails.<br><br>However, the Defendants have submitted the declaration of Mr. Bonaventura as Exhibit C to their Reply in Support of VSLSAM's Motion for Summary Judgment [266-3]. Lastly, Mr. Bonaventura's name appeared on **791** of the documents that the Defendants produced to the Plaintiffs, a total **2,262** times. The Defendants claim that Mr. Bonaventura signed the affidavit "not because [they] have control over him, but |

---

[1] In this context, a "document" refers to either an e-mail or attachment.

|  | |
|---|---|
|  | because [they] located him, asked him to verify the facts, and then asked him to sign an affidavit." The volume of information to which Mr. Bonaventura is a party along with his affidavit and the fact that he is listed first on the Defendant's Witness List as someone they expect to call at the trial in this case demonstrates that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Paolo Gavazza | Mr. Gavazza is an employee of VSLSAM. He was the new build superintendent on the Navigator in 2000. Mr. Gavazza was listed on the Defendants' Rule 26 Disclosures and also listed on the Defendants' Witness List to be called at the trial in this case if the need arises.<br><br>Despite not being listed on the Defendants' Witness List or the Rule 26 Disclosures, Mr. Gavazza's name appeared on **439** of the documents that the Defendants produced to the Plaintiffs, a total **1,550** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Roberto Giorgi | Mr. Giorgi is currently the President of V.Ships. The Defendants note that he has "little to no involvement of the Regent Fleet." However, despite not being listed by the Defednatns on their Rule 26 Disclosures, he was listed on the Defendants' Witness List as a witness they expect to call at trial.<br><br>Mr. Giorgi has also been or has been acting as an employee of VSLSAM, as he signed two of the operative agreements in this case as the ***"Managing Director of VSLSAM"***: 1) the December 14, 2000 Manning and Ancillary Services Agreement in respect of the M/V Seven Seas Navigator between Celtic Pacific UK (Ltd). ("CPUK") and VSLSAM; and 2) the December 14, 2000 Management Agreement in respect of the M/V Seven Seas Navigator between Regent Seven Seas Cruises and VSLSAM.<br><br>Additionally, the Defendants have submitted |

|  | |
|---|---|
|  | the declaration of Mr. Giorgi as Exhibit B to their Reply in Support of VSLSAM's Motion for Summary Judgment [266-2]. Lastly, Mr. Giorgi's name appeared on **359** of the documents that the Defendants produced to the Plaintiffs, a total **989** times. |
| David Gleaves | Defendants note that Mr. Gleaves was employed by VSLUK for a "short consultancy contract," and that his total involvement was "2-3 weeks." The Defendants also note that Mr. Gleaves was using a V.Ships Miami email address. Defendants share IT infrastructure, however, which operates out of two central locations—Monaco and Glasgow. Therefore, the Defendants *should* have access to Mr. Gleaves' ESI despite their trying to claim otherwise. <br><br> Despite not being listed on the Defendants' Witness List or the Rule 26 Disclosures, the Plaintiffs expect Mr. Gleaves to have relevant information at the time of the turnover of technical management from CPUK to VSLUK. To support this claim, the Plaintiffs have determined that Mr. Gleaves' name appeared on **778** of the documents that the Defendants produced to the Plaintiffs, a total **5,609** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Kelly Gordon | Mr. Gordon was a V.Ships USA Marine Superintendent and was involved in the Regent Fleet, specifically the Navigator. He was listed on the Defendants' Rule 26 Disclosures as the "Safety Manager." The Defendants state that "with respect to Kelly Gordon, his email communications are privileged because he is a consulting expert." Despite this statement, Mr. Gordon's name appeared on **108** of the documents that the Defendants produced to the Plaintiffs, a total **5,864** times. <br><br> Additionally, the parties already briefed the issue of whether Mr. Gordon's report is privileged, and this Court ordered the Plaintiffs' Motion to Compel Production of |

| | |
|---|---|
| | said report as moot [DE 185] because in response to said motion, the Defendants provided Mr. Gordon's report to the Plaintiffs. [DE 167]. Any claim, at this point, that Mr. Gordon's email are privileged are baseless. |
| Marina Kaneti | The Defendants claim that Ms. Kaneti was employed by V.Ships Cyprus but that she was "responsible for the entity accounts of VSLUK" and that she had "little or no involvement in [the] Regent vessels."<br><br>Despite not being listed on the Defendants' Witness List or the Rule 26 Disclosures, the Plaintiffs expect Ms. Kaneti to have relevant information regarding the VSLUK accounts. To support this claim, the Plaintiffs have determined that Ms. Kaneti was the recipient of a number of invoices *produced as part of the Defendants' Rule 26 Disclosures* (*see* V.Ships 0041, 0050, 0052, 0071), which are addressed to her attention, on behalf of VSLUK. Additionally, the Plaintiffs have determined that Ms. Kaneti's name appeared on **13** of the documents that the Defendants produced to the Plaintiffs, a total **40** times. This shows that she was very much relevant and that the Plaintiffs are entitled to her ESI. |
| Stanislav Kozhuharov | The Defendants state that Mr. Kozhuharov was employed by V.Shipe Leisure as the ISM/ISO/Environmental Manager. They also claim that Mr. Kozhuharov had "no direct involvement in Regent vessel management" but that he "arranged Lloyds environmental audits at the request of [Richard Evenhand]." Despite not being listed on the Defendants' Witness List or the Rule 26 Disclosures, the Plaintiffs expect Mr. Kozhuharov—who the Plaintiffs have identified as the Marine Superintendent—to have relevant information regarding management, procedure, policy, and operation with respect to the Regent Fleet. To support this claim, the Plaintiffs have determined that Mr. Kozhuharov's name appeared on **184** of the documents that the Defendants produced to the Plaintiffs, a total |

| | |
|---|---|
| | **1,391** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Serge Marino | Mr. Marino was employed as the Finance Manager for VSLSAM. The Defendants claim that they do not have access to his emails because he was the former Vlasov CEO and they have no access to Vlasov emails. The Defendants claim that he "joined V.Ships group as corporate accountant in approximately Sep. 2008 and left in 2009." The Plaintiffs believe that he has relevant information regarding the management of the Regent Fleet. Specifically, the Defendants produced one email on which Mr. Marino is copied, that discusses the technical management of the Regent Fleet, specifically the Navigator. *See* VSLUK 012693.<br><br>In addition and to support this claim, the Plaintiffs have determined that Mr. Marino's name appeared on **152** of the documents that the Defendants produced to the Plaintiffs, a total **602** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Joe McKeown | Mr. McKeown was employed by V.Ships Glasgow and V.Ships Miami, in addition to being employed by CPUK from 9/06 to 5/07. The Defendants claim that they neither have access to his CPUK emails nor his V.Ships Glasgow/Miami emails. However, the V.Ships IT system operates out of two central locations—Monaco and Glasgow. Therefore, the Defendants *should* have access to Mr. McKeown's ESI despite their trying to claim otherwise. The Plaintiffs do not seek ESI from the time when Mr. McKeown worked for CPUK, but with respect to the times he was employed by V.Ships, the Plaintiffs believe that Mr. McKeown has relevant information regarding the management and operations of the Regent Fleet.<br><br>To support this claim, the Plaintiffs have |

| | |
|---|---|
| | determined that Mr. McKeown's name appeared on **620** of the documents that the Defendants produced to the Plaintiffs, a total **4,512** times. At this time, the Plaintiffs are unable to exclude from this analysis, how many of these emails fall during September 2006 to May 2007, when Mr. McKeown was employed by CPUK. However, the volume of Mr. McKeown's communiations shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Kirsty Niziolek | Ms. Niziolek was employed as the Fleet Secretary/Training Administrator for VSLUK, and as such was involved in issues relating to the Regent Fleet. Despite not being listed on the Defendants' Witness List or Rule 26 Disclosures, the Plaintiffs have determined that Ms. Niziolek's name appeared on **105** of the documents that the Defendants produced to the Plaintiffs, a total **453** times. This shows that she was very much relevant and that the Plaintiffs are entitled to her ESI. *See also* the Defendants' Ex. No. 504. |
| Martin Penfold | While Mr. Penfold was not listed on the Defendants' Witness List or Rule 26 Disclosures, Mr. Penfold was an accountant with VSLUK who was involved with accounting for the Regent Fleet. As part of their Rule 26 Disclosures, the Defendants produced numerous hard-copy documents relating to the Regent Fleet and on which Mr. Penfold's name appeared. *See e.g.*, VShips 0015, 0016, 0020, 0021, 0022, 0075, 0076, 0077, 0081-0084, 0085, 0256.<br><br>Rather than searching his ESI, however, the Defendants merely state that "all [of Mr. Penfold's] actions would be documented in hard copy accounting records provided to Plaintiffs." This assertion is nonsensical, especially because the Defendants also have claimed that "we do everything by e-mail. All of our communications are e-mailed." Tr. of Hearing on Mot. to Compel ESI, at 26:23-24. In fact, the Plaintiffs have determined that Mr. |

| | |
|---|---|
| | Penfold's name appeared on **122** of the documents that the Defendants produced to the Plaintiffs, a total **442** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Karine Pouwels | Ms. Pouwels was employed by VSLSAM as the Crew Manager, Deck and Engine, and as such, was involved in issues relating to the Regent Fleet. Despite not being listed on the Defendants' Witness List or Rule 26 Disclosures, the Plaintiffs have determined that Ms. Pouwels was the sender of a March 2009 email asking the Navigator Captain to forward the Oil Record Book entries from the engineers. *See* VSLSAM 9305-7. In addition, the Plaintiffs have determined that Ms. Pouwels' name appeared on **985** of the documents that the Defendants produced to the Plaintiffs, a total **6,899** times. This shows that she was very much relevant and that the Plaintiffs are entitled to her ESI. |
| Sadie Reilly | Defendants state that Ms. Reilly was a "V.Ships Glasgow employee." Contrary to that assertion, however, Ms. Reilly's email signature block states:<br>    *Information Systems Department V.Ships UK Ltd.*<br><br>Either way, Ms. Reilly assisted with, *inter alia*, the transfer of information from CPUK to VSLUK. *See* Defendants' Ex. No. 502. Additionally, the Plaintiffs have determined that Ms. Reilly's name appeared on **9** of the documents that the Defendants produced to the Plaintiffs, a total **38** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. Moreover, notwithstanding that this is a small number, because of the importance of the information transfer and especially in the face of the ongoing discovery disputes, Ms. Reilly's information has become very relevant to this |

| | |
|---|---|
| | litigation. |
| Valerio Risi | Mr. Risi was employed by VSLSAM as the Marine Director/"Safety & Quality Director V.Ships Leisure," and as such was involved in issues relating to the Regent Fleet. Despite not being listed on the Defendants' Witness List or Rule 26 Disclosures, the Plaintiffs have determined that Mr. Risi's name appeared on **106** of the documents that the Defendants produced to the Plaintiffs, a total **542** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Raphael Saleau | Mr. R. Saleau, employed as the VSLSAM Crew Operations Director, was listed on the Defendants' Rule 26 Disclosures. Despite not being listed on the Defendants' Witness List, Mr. R. Saleau was extremely involved in the Regent Fleet. Specifically, the Defendants produced one email on which Mr. R. Saleau is copied, that discusses the technical management of the Regent Fleet, specifically the Navigator. *See* VSLUK 012693. In addition, the Plaintiffs determined that Mr. R. Saleau's name appeared on **1,500** of the documents that the Defendants produced to the Plaintiffs, a total **8,005** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. |
| Francesco Visimberga | The Defendants have asserted that Mr. Visimberga is a former VSLSAM employee, whose total involvement was limited to approximately 10 days on the Navigator before Mr. Gleaves' arrival and that he had "no involvement with other vessels in [the] Regent Fleet." Notwithstanding these claims, the Plaintiffs have determined that Mr. Visimberga's name appeared on **450** of the documents that the Defendants produced to the Plaintiffs, a total **2,092** times. This shows that he was very much relevant and that the Plaintiffs are entitled to his ESI. Despite not being listed on the Defendants' Rule 26 Disclosures or the Defendants' Witness List, the Plaintiffs believe that the number of emails |

| | |
|---|---|
| | contained within the Defendants' production warrant a searching of Mr. Visimberga's emails. The Defendants have stated that they have access to the email accounts of former employees, so this should not be a problem. |
| cpuktech.monaco@vships.com<br>VShips Leisure UK Technical | The Defendants have advised the Plaintiffs that the distribution of the "cpuktech" email group was "Favuzzi; Murolo; Hernaman; McIldoon; Evenhand," and that "V.Ships Leisure UK Technical" had "a distribution address similar to the "cpuktech" address. The Defendants did not provide the Plaintiffs with ESI from these email accounts because they claim that it "would have been duplicative of everything already provided."<br><br>The Plaintiffs have determined that the phrase "V.Ships Leisure UK Technical" was on **8,573** of the documents produced by the Defendants, and that the name appeared **205,955** times throughout the production. The Defendants produced just under **300** documents comprised of only **627** pages from Mr. Favuzzi (rather than anywhere close to 8,573, all emails to which he should have been a party since the Defendants have admitted that Mr. Favuzzi was on the distribution list of this email group. As such, the Plaintiffs are *not confident* that the Defendants have produced anything close to every responsive email. In fact this bolsters the Plaintiffs' argument that the Defendants have withheld responsive, non-privileged information. |