UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23411-CIV-UNGARO/SIMONTON

SEVEN SEAS CRUISES S. DE R.L.,
et al.,

    Plaintiffs,
v.

V. SHIPS LEISURE SAM, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' RENEWED MOTION TO COMPEL DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND FOR SANCTIONS

Presently pending before the Court is Plaintiffs' Renewed Motion to Compel Discovery of Electronically-Stored Information and for Sanctions (DE # 278). Defendants have filed an expedited response to the Motion (DE # 281). The Motion has been referred to the undersigned (DE # 280). A hearing was held on the Motion on February 14, 2011, at which time the undersigned orally ruled on the Motion, granting it in part, and announcing her recommendations regarding the request for dispositive sanctions. This Report and Recommendation sets forth the rulings made at that hearing.[1]

### I. BACKGROUND

This matter was initiated when Plaintiffs Seven Seas Cruises S. DE R.L., Prestige Cruise Holdings Ltd., f/k/a Classic Cruise Holdings, S. DE R.L., LLC, d/b/a Regent Seven Seas Cruises and Celtic Pacific (UK) Ltd., (collectively "Seven Seas"), who are cruise ship owners and/or their agents, sued various Defendants including V. Ships Leisure SAM and V. Ships Leisure UK ("V. SHIPS Defendants"), for damages arising from the

---

[1] The undersigned notes that the Transcript from the hearing held on February 14, 2011, was filed after the preparation of this Report and Recommendation (DE # 285).

**Defendants' alleged failure to provide proper ship management, care and oversight for several cruise ships owned by Plaintiff Regent Seven Seas Cruises (DE # 1).[2] Specifically, in the Second Amended Complaint, Plaintiffs advanced the following causes of action against various of the Defendants: Negligent Misrepresentation (Counts I, III); Negligence (Counts II, IV); Breach of Contract (Counts V, VI, VIII); Breach of Warranty of Workmanlike Performance (Count VII); Fraud (Count IX); and, Unjust Enrichment (Count X) (DE # 53).**

**The V. SHIPS Defendants have filed Answers to the Second Amended Complaint wherein Defendants raised various affirmative defenses including statute of limitations, laches, statute of frauds and failure to mitigate (DE ## 145, 146).**

**On December 28 and 29, 2010, Defendants filed their respective Motions for Summary Judgment (DE ## 207, 208).  Plaintiffs timely filed their Responses (DE ## 234, 243) and Defendants Replied (DE ## 267, 268).**

**On January 19, 2011, after a hearing, the undersigned issued an Order granting the first Motion to Compel Electronically Stored Information ("ESI") filed by Plaintiffs. The Order directed the Defendants to, *inter alia*, submit an affidavit to Plaintiffs setting forth the steps taken by Defendants to respond to Plaintiffs' ESI requests including: identifying which of Defendants' employees' laptops and computers had been searched; explaining why certain documents were apparently missing from Defendants' ESI production; and, specifying what search terms Defendants used in conducting ESI searches (DE # 249).  The Order stated that if, based upon the affidavit the Plaintiffs believed that additional discovery was needed, the Plaintiffs could file a renewed motion**

---

[2] **Defendant V.Ships Leisure UK was added as a Defendant in the First Amended Complaint (DE # 2).**

to compel.

The instant Renewed Motion to Compel Discovery followed (DE # 278).

II. <u>RENEWED MOTION TO COMPEL</u>

A. <u>Plaintiffs' Motion to Compel ESI Discovery</u>

1. <u>Plaintiffs' Position</u>

In the current Motion to Compel, Plaintiffs assert that despite repeated assurances from the Defendants that ESI for all relevant custodians has been searched and produced in response to Plaintiffs' discovery requests, Plaintiffs have discovered that there are "gaps" in Defendants' production.[3] Specifically, Plaintiffs contend that Defendants only searched and produced the ESI for nine total employees and failed to search various other employees' computers who likely have information relevant to this matter. In addition, Plaintiffs assert that the Defendants failed to produce complete information for those employees whose ESI was previously searched and produced prior to the instant Motion being filed. In support of their claims, Plaintiffs submitted a detailed list of nineteen different employees/custodians and/or email addresses that were not searched by the Defendants, and which Plaintiffs claim likely have information relevant to this matter (DE # 278-1). In addition, Plaintiffs have identified specific time frames of missing ESI for those persons whose ESI had already been searched and turned over to Plaintiffs. By way of example, Plaintiffs point to the Defendants' production of Mr. Richard Evenhand's ESI, and assert that ESI is missing from Mr. Evenhand's inbox prior to June 2008, and after May 2009; and from his Outbox prior to

---

[3] The term "custodians" refers to persons who maintain ESI on either their own laptop or desktop computer related to their work with or for the Defendants.

May 2008 and after May 2009 (DE # 278 at 8).[4]  Plaintiffs make similar claims for three other custodians, Antonio Favuzzi, Lorenzo Malvarosa and Andrea Zito (DE # 278 at 9).

At the hearing, Plaintiffs chronologically recounted each request made by Plaintiffs through the course of discovery regarding the production of ESI, and also reiterated the representations made by the Defendants in response to those requests.  Generally, throughout the course of the ESI discovery, Defendants assured Plaintiffs that Defendants were conducting complete ESI searches for materials responsive to Plaintiffs' requests.  Plaintiffs contend, however, that each time such production or representation regarding the thoroughness of the production was made, that Plaintiffs later found out that the production was not, in fact, complete.

In addition, throughout the hearing, Plaintiffs pointed to statements made by Defendants in submissions to the Court wherein Defendants repeatedly asserted that all relevant custodians' computers and laptops had been searched.  According to Plaintiffs, as a result of the repeated assurances by Defendants that ultimately proved to not be true, Plaintiffs have no confidence in the Defendants' ability to conduct proper ESI searches, and further have no faith in the Defendants' representations regarding the same.

Thus, Plaintiffs argue that because the Defendants' failure to produce all responsive ESI discovery has prejudiced the Plaintiffs and because such omissions are ongoing and intentional, that the Court should strike the Defendants' pleadings and enter a final default judgment against both Defendants (DE # 278 at 13).  In addition, Plaintiffs request that the Defendants be ordered to pay the costs associated with

---

[4] Richard Evenhand is the managing director of Defendant V. SHIPS Leisure, U.K.

**Plaintiffs having to bring the Renewed Motion to Compel.**

### 2. Defendants' Response

**In their written response, Defendants generally took issue with some of the persons/custodians identified by the Plaintiffs as having information relevant to this action. In addition, Defendants provided their specific objections regarding the search and production of ESI materials for each identified custodian identified by Plaintiffs and also explained why some ESI was not available for certain periods of time for specific custodians.**

**At the hearing, Defendants conceded that not all relevant requested ESI was produced, and stated that, in hindsight, an E-discovery consultant/vendor should have been retained by the Defendants to assist in searching for the responsive electronic information. The Defendants, also however, reiterated the position in their papers, and further indicated that additional ESI discovery had recently been produced to the Plaintiffs, and stated that the Defendants had brought additional discovery to Court that they were prepared to deliver to Plaintiffs at the conclusion of the hearing. In addition, Defendants noted that they have already produced hundreds of thousands of documents in this case in both ESI and hard copy. Defendants also asserted that they ran searches using relevant search terms, and by October 8, 2010, had produced more than thirty-thousand bates-stamped documents from, at least, six different custodians. In addition, Defendants emphasized that their clients are overseas and are located in, at least, two different countries, which complicated the coordination of the Defendants' production.**

**Further, Defendants asserted that because this matter concerned a breach of contract claim regarding the alleged failure to properly manage a vessel, that the bulk of the relevant evidence is in the form of communications between Plaintiffs and**

Defendants, and thus Plaintiffs have copies of those correspondence already in their possession. Finally, Defendants argued that many of the "gaps" in ESI or discovery responses were not pointed out to the Defendants until the Renewed Motion to Compel was filed.

However, ultimately at the hearing, the Defendants agreed to re-run the recent searches conducted by the Defendants, and to also run searches on all of the custodians that Plaintiffs complained had never been searched but should have been.

Defendants have emphasized that Plaintiffs have failed to demonstrate any actual prejudice from the late-produced discovery. On the contrary, Defendants assert that the untimely discovery materials were, if anything, helpful to Defendants. Plaintiffs were unable to refute this, asserting that they had not had sufficient time to review the recently produced materials. In addition, Plaintiffs claimed that the discovery defalcations were so significant, that they had no confidence that all responsive materials would ever be produced.

### III. LAW & ANALYSIS

#### A. Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37 addresses a litigant's failure to make disclosures or to cooperate in discovery and sets forth sanctions that may be imposed by a Court. Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). Thus, Federal Rule of Civil Procedure 37 gives a district court the power to enter a default, strike pleadings, or render judgment against a party that disobeys the court's discovery or pretrial scheduling orders. See Fed. R. Civ. P. 37(b)(2)(C). However, the severe sanction of a default judgment is

appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *United States v. One '32 Scorpian Go-Fast Vessel*, 339 Fed. Appx. 903 (11th Cir. 2009) *citing Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542-43 (11th Cir.1993). In addition, Rule 37(b) only permits imposition of the ultimate sanction if a party willfully or in bad faith failed to obey a discovery order. *Id.* It is not justified under Rule 37(b) if a party's failure to comply with a discovery order was caused by simple negligence or a misunderstanding of the court order. See *EEOC v. Troy State Univ.*, 693 F.2d 1353, 1357 (11th Cir.1982) (citation omitted). If the party does not provide a credible explanation of how he interpreted an order compelling discovery in a way that excluded certain documents from the scope of the order, the party's unsupported assertion that it misunderstood the order is insufficient, and it is not clear error for the district court to find that the party's failure to comply with the discovery order was willful and in bad faith. *United States v. One '32 Scorpian Go-Fast Vessel*, 339 Fed. Appx. at 904 (11th Cir. 2009). Further, when a party claims that he was unable to produce documents in the time allowed by the court, but he does not produce any evidence to support the argument, a district court's finding of willfulness is not clearly erroneous. *Id.* Nonetheless, a district court is not required to first impose lesser sanctions if the lesser sanction would be ineffective. *Id.*

### B. Defendants' Failure to Produce ESI

At the outset, the undersigned notes that this is the latest of several discovery disputes arising from the failure of the Defendants to produce and/or thoroughly search for potentially relevant electronically stored information in this litigation. As stated at the hearing, it appears that many of the disputes related to the production of e-discovery could have been significantly narrowed, if not totally avoided, had the Parties held an e-

discovery conference early-on in the litigation as required by Federal Rule of Civil Procedure 26(f), wherein issues regarding disclosure and production of ESI could have been thoroughly discussed.  Further, additional guidance on requests for and the production of ESI is available to the Parties in Section III of the Discovery Practice Handbook which is attached to the Local Rules for the Southern District of Florida's Local Rules, which the Parties should have consulted.

That aside, it is clear that the Defendants have failed to properly conduct complete, thorough and timely searches of ESI responsive to the Plaintiffs' discovery requests.  There is no doubt that the manner and method in which the Defendants conducted their ESI searches were wholly inadequate.  However, it is less certain whether the ESI that Defendants have failed to produce consists of information or materials that the Plaintiffs do not already have in their possession and/or are necessary for Plaintiffs to be able to properly prosecute their claims in this action.  When the undersigned questioned counsel for the Plaintiffs at the hearing whether the unproduced ESI was likely to produce materials not already in Plaintiffs' custody, Counsel responded that because there was uncertainty as to what the new ESI searches might yield, that he was unable to make that determination.  However, Counsel again stressed that the continual failure of the Defendants to conduct proper ESI searches to this point undermined the Plaintiffs' faith in their ability to conduct proper searches now.  Thus, the potential prejudice to Plaintiffs in this regard is purely speculative at this point.

In addition, as noted at the hearing, to the extent that the Plaintiffs wanted the computers, hard drives and/or laptops of specific custodians to be searched, the Plaintiffs could have specifically identified those custodians that the Plaintiff believed might have relevant ESI, based upon the Defendants' Initial Disclosures, or the Plaintiffs'

8

own email correspondence with those custodians.

Further, although the Defendants have repeatedly failed to conduct adequate ESI searches, there is relatively little evidence in the record that such failure was due to the Defendants' attempt to either hide or not disclose potentially relevant material.  Rather, the record supports the conclusion that the Defendants' failure in this area is the result of a lack of familiarity and/or training in searching for and producing ESI.  However, at this point, the Defendants inability to still conduct E-Discovery borders is inexcusable.  Indeed after this Court's January 19th Order, if not before, the Defendants should have reasonably known that they needed to retain an E-discovery consultant to ensure that they properly conducted their ESI searches.

Therefore, as stated at the hearing, the undersigned concludes that the failure of the Defendants' to complete a thorough and accurate search of the ESI has hindered the Plaintiffs' ability to fully and timely respond to the Defendants' Motions for Summary Judgment, and the Defendants' thus, should be sanctioned pursuant to Rule 37, for failing to fully cooperate in discovery and make full disclosures.

1. <u>Still Unproduced ESI and Recently Produced ESI</u>

Plaintiffs have requested that Defendants be ordered to conduct ESI searches of certain custodians and to re-search the recently produced ESI.  Based upon the arguments made at the hearing, and the record as a whole, at the hearing, the undersigned ordered the Defendants to utilize a third party vendor to perform searches of Defendants ESI with the results to be produced on or before February 25, 2010.  The search shall include a search of the laptops, of persons identified in Exhibit A of Plaintiffs' Renewed Motion to Compel, to the extent that ESI for those employees has not yet been produced, and shall be conducted in accordance with the terms set forth below.

### 2. Previously Produced ESI

Plaintiffs have requested that the ESI discovery previously produced by the Defendants also be searched again using a qualified third- party E-discovery consultant/vendor to conduct the search, to ensure that all of the ESI produced prior to the instant Motion being filed, was complete and performed accurately. However, as ordered at the hearing, due to the length of time required to conduct a new ESI search on the vast number of ESI materials already produced by Defendants, and given that the undersigned already determined during the January 18, 2011 hearing that the search conducted by the Defendants which yielded the documents that had been produced by that date was sufficient, Plaintiffs' request in this regard is denied, and the ESI materials produced prior to that hearing do not need to be searched again. *See* (DE # 249).[5]

### C. Kelly Gordon ESI

In the Motion, Plaintiffs also requested that the Court direct the Defendants to

---

[5] In the prior Order issued by the undersigned in this case on the prior searches, the undersigned stated the following,

> Based upon a review of the record as a whole, and considering the arguments of counsel, the undersigned has determined that the ESI dispute in this case was caused primarily by the parties' mutual failure to communicate and work together in a good faith effort to resolve the areas of dispute. The undersigned finds that the steps taken by Defendants to locate and produce ESI, generally speaking, were reasonable under the circumstances of this case; and, the cost of utilizing more intensive search methods outweighs the potential benefit. However, the Court has concerns regarding whether the search conducted was as thorough as represented by Defendants' counsel. Therefore, the undersigned has determined that it is appropriate to require a detailed affidavit; and to permit a renewed motion to compel, if necessary. The parties must work together, however, in an attempt to resolve any disputes prior to filing such a motion. In the future, the parties should more clearly specify the way in which e-discovery will be conducted, and if they cannot agree, file a motion to resolve ESI discovery methodology prior to the production of ESI, as contemplated by Fed. R. Civ. P. 34(b)(2)(D) and (E).

search and produce ESI from Kelly Gordon, whom Plaintiffs identified as the V.Ships USA Marine Superintendent (DE # 278-1). Defendants refused to produce Mr. Kelly's email communications because he is a "consulting expert." (DE # 283 at 9).

However, at the hearing, Defendants made clear that Mr. Kelly had been retained by the Defendants in March of 2009 to complete an investigation and report regarding "liquid management" on one of the ships, the Navigator. According to Defendants, due to an issue related to the indictment of the former chief engineer on the Navigator, the Defendants were initially unsure whether Mr. Gordon's report was privileged or should be released. Ultimately, the Defendants produced the report to the Plaintiffs. Thus, the undersigned ruled at the hearing that the Defendants had waived any potential privilege on this issue and thus the email correspondence from or to Mr. Gordon regarding the Report had to be produced to the Plaintiffs.

    III.    <u>Sanction for Failing to Timely Produce Discovery</u>

As stated above, Plaintiffs requested that the Defendants' pleadings be stricken and a default be entered against them for their repeated failure to conduct full and adequate ESI searches, despite assurances to the Court and the Plaintiffs that such searches had been made, and the relevant documents produced. The undersigned announced her conclusion at the hearing, that under the facts of this case, although the Defendants had failed to properly conduct ESI searches, and as a result failed to produce all relevant ESI materials to the Plaintiffs, that striking the Defendants' pleadings and entering a default against the Defendants was not warranted in this case.

First, it is unclear whether the ESI that has not yet been produced to the Plaintiffs will hinder the Plaintiffs' ability to present their case at trial. There is no non-speculative evidence, at this point, that the Plaintiffs will have to depose additional witnesses, or

conduct any other discovery based upon the new ESI searches. In addition, it is not even clear whether the Plaintiffs are, in fact, already in possession of all of the documents that may be produced as a result of the new searches conducted by an E-discovery consultant. Most important, however, is the fact that Plaintiffs have not been able to demonstrate any prejudice with respect to their ability to present their case at trial, or effectively challenge the defense.

Moreover, as stated above, there is no evidence that Defendants' failure to perform complete and thorough ESI searches is due to the Defendants' wilful and/or blatant attempt to obfuscate relevant materials from Plaintiffs. Rather, it appears that Defendants attempted to conduct e-discovery searches by using their own IT department, and belatedly learned that their internal department was not up to the task.

Therefore, the undersigned concluded that a more appropriate sanction would be to deny the Defendants' respective Motions for Summary Judgment, since their may be relevant evidence which has not been produced and there is insufficient time for Plaintiffs to review the newly produced discovery to make this determination. It appears patently unfair to require the Plaintiffs, after recently receiving numerous additional documents, as well as potentially receiving a new unknown quantity of documents, based upon the searches that this Court has ordered the Defendants to conduct, to have to re-draft and/or amend their responses to the Defendants' Motion for Summary Judgment. This is particularly so given that the pretrial conference in this matter is set for March 11, 2011 and the trial date is set for April 25, 2011.

Finally, as to Plaintiffs' request for attorney's fees and costs, although the undersigned has previously declined to assess costs associated with the Plaintiffs' prior e-discovery Motions, based upon the Defendants' repeated and continued failure to

**conduct full and complete ESI searches, as well as Defendants' failure to retain a consultant with the requisite experience and technical knowledge to conduct such searches, the undersigned concludes that an award of costs to the Plaintiffs is warranted at this time.**

**Therefore, based on the foregoing, and consistent with the undersigned's rulings made at the hearing and for the reasons stated on the record at the hearing, it is**

**RECOMMENDED that Plaintiffs' Renewed Motion to Compel Discovery of Electronically-Stored Information and for Sanctions (DE # 278) be GRANTED, in part, as set forth below. It is hereby**

**ORDERED, as directed at the hearing on the Motion, that Defendants shall retain the services of a qualified third party E-Discovery consultant or vendor and perform a search, using the "Boolean" search terms previously agreed to by the Parties, of all of the custodians identified in the Plaintiffs' Renewed Motion to Compel, whose computers had not previously been searched, and shall conduct again those searches that resulted in the ESI produced after this Court's January 19, 2011 Order. On or before February 25, 2011, Defendants shall produce the requested ESI as follows:**

ESI to be produced in its native format using the following load file specifications:

    I.      Group IV single page tiff, 300 dpi;

    ii.     Extract text; Text file should be in the same folder as the tiff images; text file name matches first image file name for each document;

    iii.    Maintain document composition within output folders (Do not split documents across output folders);

    iv.    Soft control number /tiff image name should be consecutive starting with alpha prefix;

   v.  Image folder structure should follow source folder structure;

   vi.  Opticon load file for images.

**Defendants shall bear all costs associated with retaining the E-discovery vendor and conducting the required search.  It is further**

  **ORDERED** that Plaintiffs are awarded attorney's fees and costs associated with bringing the Renewed Motion to Compel, including costs associated with Plaintiffs' utilization of an E-discovery consultant/vendor to review the Defendants' production for missing ESI data. Plaintiffs shall file a Motion to determine the amount of those fees and costs in compliance with Local Rule 7.3 for the Southern District of Florida.  In addition, it is further

  **RECOMMENDED** that Plaintiffs' request to strike Defendants' pleadings and for entry of a default against the Defendants be **DENIED**, without prejudice to seek such relief if, after review of the newly produced discovery, prejudice can be demonstrated.  It is further

  **RECOMMENDED** that the Defendants' Motions for Summary Judgment (DE ## 207, 208) be **DENIED.**

  Based upon the rapidly approaching pretrial and trial date, the parties shall file written objections to this Report and Recommendation, if any, for consideration by the United States District Judge to whom this case is assigned, on or before **Friday, February 25, 2011**.  In this regard, the undersigned notes that all orders and recommendations set forth above were announced orally at the conclusion of the hearing.  Failure to file objections timely shall bar the parties from attacking on appeal

any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Miami, Florida, on February 19, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
The Honorable Ursula Ungaro
     United States District Judge
All counsel of record