## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  09-23411-CIV-UNGARO/SIMONTON

**SEVEN SEAS CRUISES S. DE R. L.,
f/k/a CLASSIC CRUISE HOLDINGS, S. DE
R.L., LLC, d/b/a REGENT SEVEN SEAS
CRUISES, INC.,** *et al.***,**

      **Plaintiffs,**

**v.**

**V.SHIPS LEISURE SAM,** *et al.***,**

      **Defendants.**

_____

### PLAINTIFFS' NOTICE OF FILING INCORPORATED LOG OF DOCUMENTS EVIDENCING PREJUDICE RESULTING FROM DEFENDANTS' UNTIMELY DISCLOSURE OF DOCUMENTS AS A SUPPLEMENT TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' PLEADINGS

Plaintiffs, Celtic Pacific UK, Ltd., Celtic Pacific (Two) UK, Ltd., Radisson Seven Seas France SNC, and Supplystill Limited, pursuant to this Court's Order dated March 22, 2011 [D.E. 311], hereby submit the incorporated log of documents evidencing prejudice resulting from Defendants' late production of ESI, as a supplement to Plaintiffs' Motion to Strike Defendants' Pleadings. [1]   The Plaintiffs have attached as Exhibit "A" a chart listing the relevant metadata, where available, on the documents referenced in the incorporated log, and have attached a copy of each of the referenced documents as composite Exhibit "B," in numerical order.

_____

[1]   Plaintiffs' expert undertook reasonable steps to ensure that the documents produced at this juncture were not produced previously, including comparing the hash values of the newly produced files against over one million of the Plaintiffs' own documents hash values and comparing the newly produced hash values against attachments in Defendants' production. Plaintiffs' expert also performed near deduplication on the newly acquired documents to ascertain whether emails previously produced by the Defendants in a different format (namely pdf) were duplicates and was unable to locate any of the documents attached to this pleading.

## PREJUDICE LOG

1. **Document No. A0014212.**  This document consists of a series of internal lists of vessels managed by various V.Ships entities, prepared by I. Gantard on 3/23/2005, listing specific aspects of the management of each of the vessels.  This document states that V.Ships Leisure provided management services to the Navigator at that time (line 608, column D), lists those services as "Full Mgt." (line 608, column F), states that the date that the Navigator entered into management was 1/1/99 (line 608, column G), and lists V.Ships Leisure as the "Technical Mgmt. Office" (line 608, column J).   This document also states that V.Ships Leisure provided management services to the Voyager at that time (line 609, column D), lists those services as "Deck & Engine"[2] (line 609, column F), states that the date that the Voyager entered into management was 1/3/03 (line 609, column G), and lists V.Ships Leisure as the "Technical Mgmt. Office" (line 609, column J).   This document also refers to "Vessels lost from V.Ships' management" but does not refer to the Navigator or the Voyager on that list at all.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose I. Gantard concerning the creation and contents of this document, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

2. **Document No. A0014088.**  This document consists of a series of internal lists of vessels managed by various V.Ships entities, prepared by I Gantard on 8/9/2005, listing specific aspects of the management of each of the vessels.  This document states that V.Ships Leisure provided management services to the Navigator at that time (line 608, column D), lists those services as "Full Mgt." (line 608, column F), states that the date that the Navigator entered into management was 1/1/99 (line 608, column G), and lists V.Ships Leisure as the "Technical Mgmt. Office" (line 608, column J). This document also states that V.Ships Leisure provided management services to the Voyager at that time (line 609, column D), lists those services as "Deck & Engine" (line 609, column F), states that the date that the Voyager entered into management was 1/3/03 (line 609, column G), and lists V.Ships Leisure as the "Technical Mgmt. Office" (line 609, column J). This document also refers to "Vessels lost from V.Ships' management," but does not refer to the Navigator or the Voyager on that list at all.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose I. Gantard about its creation and contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this

---

[2] Deck and engine management is a term used in the shipping industry to include technical and engineering management of ships as well as the navigational or deck operations of ships.

document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

3.    ***Documents Nos. A0389504, A389505***.  This is an email from Lorenzo Malvarosa dated September 30, 2005 attaching a chart identifying and classifying the various services that V.Ships provided to the Regent Fleet and the fees for those services.  The attachment admits VSLAM's involvement in the technical management of the Navigator and the Voyager in 2005, and specifically separates out "Contractual Services" under the Manning and Ancillary Services Contract, the "Contractual Services for UK Tax Compliance" and, as a separate category, lists "Services Provided in Addition."  Under "Services Provided In Addition" section, Mr. Malvarosa lists "V.Ships Effective Backstage Management" of the Navigator and the Voyager, along with, *inter alia*, "electronic/electrical monitoring and management," and "review of operational issues."  Mr. Malvarosa circulated this document only to V.Ships most senior management, Roberto Giorgi (V.Ships' President), Mauro Terravazzi (V.Ships' founder) and Ettore Bonaventura (Managing Director of V.Ships Shipholdings).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Roberto Giorgi and Ettore Bonaventura about its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Brian Hernaman and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

4.    ***Documents Nos. A0383493, A0383494***.  These documents include an email from Per Bjornsen to Lorenzo Malvarosa, dated October 3, 2005, attaching a revised chart of the various services that V.Ships provided to the Regent fleet, classification of those services and the fees received for those services.  On this revised chart, in addition to the columns for the services provided under the Manning and Ancillary Services written contract, and the management services provided in the column entitled "Contractual Services for UK Tax Compliance," revisions were made to the other column, which is now titled "Support Services – (Backstage Management and Support)," and lists under "Backstage Management and Support" the provision of "Senior V.Ships Personnel Monitoring / Assistance" for the Navigator and the Voyager.  It also lists "electrical advice," and "review of operational issues" as two additional areas of Backstage Management and Support services provided to these ships at that time.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Per Bjornsen concerning the creation and content of this document, to depose Roberto Giorgi and Ettore Bonaventura about its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Brian Hernaman and Kelvin McIldoon , to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

5.      *Documents Nos. A0389470, A0389471*.   This document is a cover letter from Mr. Malvarosa to Messrs. Terravazzi and Bonaventura, dated October 3, 2005, enclosing the revised chart of services and fees that V.Ships Leisure was providing to the ships of the Regent fleet, including the Navigator and the Voyager.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Ettore Bonaventura and Roberto Giorgi about its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Brian Hernaman and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

6.      *Documents Nos. A0467553, A0065626.*   This document is an email for Lorenzo Malvarosa to Elliot Gow (V.Ships' CFO), Per Bjornsen (V.Ships' Marketing Director), and Andrea Zito (V. Ships Leisure's COO), dated September 8, 2006, in which Mr. Malvarosa again sends out his chart of the services that V.Ships is providing to the ships of the Regent Fleet, and again refers to services being provided by V.Ships as "Backstage Management and Support."  In this email, Mr. Malvarosa also states that "CPUK can have relatively low personnel and cost as it is heavily supported by V.Ships."   The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Per Bjornsen and Elliot Gow concerning the creation or contents of this document, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

7.      *Documents Nos. A0384917, A0384918, A0384966, A0384967, A0385017, A0385018, A0385109, A0385110, A0385144, A0385145, A0385181, A0385182, A0385216, A0385217, A0385294, A0385295.*  These documents concern the widespread circulation for comments and approval of a slideshow presentation made by V.Ships Leisure to RSSC on July 13, 2005.  Although the Plaintiffs already had a copy of the final version of this slide show (which they received around the time of the presentation), the attached correspondence, transmitting the document to various persons to review and approve, was not previously produced.  These new documents evidence that this presentation was sent to various persons by Lorenzo Malvarosa for review and revisions at least 7 separate times over the course of 6 days.  That slide show lists the "Operation Department – RSSC Fleet," with Lorenzo Malvarosa as the CEO and Richard Evenhand as the COO, and with Vittorio Facco, the Technical Director of the Regent Fleet, in a dotted line reporting relationship directly to Lorenzo Malvarosa.  It also lists "Support to CPUK" as part of the "Technical Operation."   These emails demonstrate that this slide show was distributed for comment and correction to Lorenzo Malvarosa (CEO of VSLAM), Roberto Giorgi (President of V.Ships), Per Bjornsen (Project Director at V.Ships), Mauro Terravazzi (the founder of V.Ships (through Mark Stokes)), and documents the various edits to the document over that time.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Roberto Giorgi and Per Bjornsen, to inquire about it at the

depositions of Lorenzo Malvarosa and Richard Evenhand, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

8.      *Document No. A0015616.*  This document is a memo dated 12/22/00 from LM to "All Ops Dept – [including Seven Seas Navigator – Seven Seas Mariner]" concerning the "SQMS - Reorganization of V.Ships Leisure – Technical Operation Dept."  It provides a list of "Vessels for which V.Ships provide Technical assistance to Celtic Pacific," on which it lists the Navigator.  It also lists the superintendents for the Regent vessels, and states that, for those vessels for which V.Ships provides technical assistance to CPUK, "The superintendents are reporting to RE (C.P.) and LM," and that RE (C.P.) will laise with LM."  The document goes on to list all of the other persons involved in the operations department of V.Ships Leisure, and lists several of the personnel at CPUK among those persons included in the operations department of V.Ships leisure.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose R. Giorgi and E. Bonaventura, who are copied on this document, and to inquire about it at the depositions of Lorenzo Malvarosa and Richard Evenhand, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

9.      *Document No. A0015612*.  This document is an email from Lorenzo Malvarosa to Richard Evenhand and Graham Rogers dated December 29, 2000 and attaching a Memorandum dated December 22, 2000 entitled "Reorganization of V.Ships Leisure- Technical Operation Dept." (provided above at Document # 15616).   This document evidences Mr. Malvarosa and Mr. Evenhand's knowledge and approval of the 12/22/00 Reorganization of V.Ships Leisure Technical Operation Dept." document.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose R. Giorgi and E. Bonaventura, who are copied on this document, and to inquire about it at the depositions of Lorenzo Malvarosa and Richard Evenhand, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

10.     *Documents Nos. A0390322, A0390324, A0390325, A0390326 A0390327, A0390328, A0390329 A0390330.*  This document is an email from Richard Evenhand, then serving as the Operations Director of V.Ships Leisure, dated September 8, 2006, announcing the revised V.Ships Leisure marine and technical operations department organization.  (A0939022, page1). Mr. Evenhand attached to his email a chart of the "Operations Department – Consultancy" that listed both "Marine" and "Technical" consultancy services being provided to CPUK, the

Navigator and the Voyager. (A0390324). Mr. Evenhand also attached an organizational chart for the V.Ships Leisure Marine Department, which included "Alex Garbarino, Marine Superintendent (CPUK) (Public Health)" in a direct line reporting relationship to Richard Evenhand. (A0390326). Mr. Evenhand also attached an overall flow chart for the organization of V.Ships Leisure that incorporated the previous charts, listing "Marine" and "Technical" consultancy services for CPUK, the Navigator and the Voyager under the "Operations Department – Consultancy," and listing "Alex Garbarino, Marine Superintendent (CPUK) (Public Health)" as part of the V.Ships Marine Department Operation in a direct reporting relationship to Richard Evenhand. (A0390329). The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Richard Evenhand, Alex Garbarino, Vittorio Facco, Brian Hernaman, Kelvin McIldoon, and Lorenzo Malvarosa, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

11.   *Document A0065850*.  This document is entitled "V.Ships Leisure Sales and Marketing Plan 2001 – 2003." It lists as part of "Our services and organisation" a list of the "associated companies," which includes "Celtic Pacific Ltd, Southampton" under the "Management" line of reporting. The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Roberto Giorgi and Ettore Bonaventura concerning its contents, to inquire about it at the depositions of Richard Evenhand, and Lorenzo Malvarosa, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

12.   *Document No. A0058446.*   This document is an internal document entitled "V.Ships Leisure Operations Department Organization" dated in March of 2003 and executed by Richard Evenhand. This document lists the "CPUK Consultancy Vessels," including the Navigator and the Voyager, as part of the Operations Department of V.Ships Leisure. It also lists "Celtic Pacific" and various members of its management under the "V.Ships Leisure Operations Department Organization," and lists the Purchasing Manager and Technical Controller for the Regent Fleet at that time as employees of V.Ships Leisure Southampton. The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Kelvin McIldoon, and Brian Hernaman, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

13.   *Document No. A0056119.* This document is an internal document entitled "V.Ships Leisure Operations Department Organization" dated in March of 2005 and executed by Richard Evenhand.  This document lists the "CPUK Consultancy Vessels," including the Navigator and the Voyager, as part of the Operations Department of V.Ships Leisure.  It also lists CPUK's Purchasing Manager and Technical Controller as employees of V.Ships Leisure Southampton, and that the Safety and Quality Superintendent for the Regent Fleet held this role for several other vessels in V.Ships' management.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Kelvin McIldoon, and Brian Hernaman, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

14.   *Document No. A0162831.*  This document is a review of reporting compliance at V.Ships, and contains a "Detailed Recap of Vessel Accounting Services Provided," which lists the Navigator and the Voyager as vessels to which services were provided, and describes the services provided by V.Ships as "Full Management."  (page 13).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Kelvin McIldoon, and Brian Hernaman, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

15.   *Document No. A0056117.*  This document is an internal organizational chart of V.Ships Leisure that is dated in January of 2007.  It states, under the title "Operations Department Consultancy" that it provided both "Technical" and "Marine" services to CPUK, the Navigator, the Voyager and the Mariner.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Alex Garbarino, Kelvin McIldoon, Brian Hernaman, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

16.   *Document No. A0383097.*  This document is the cover email sending the 2007 Organizational chart (provided above as Document # A0056117) to the V.Ship's Leisure management on January 8, 2007.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Alex Garbarino, Kelvin McIldoon, Brian Hernaman, and

Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

17.   ***Document No. A0065734.***   This document is a letter sent on July 9, 2001 from Per Bjornsen to CG Holding relating to their proposal for management services for a cruise ship.  In the letter, Mr. Bjornsen states that "In 1998, the Vlasov Group signed a joint venture agreement with the Carlson Group for the construction of the 500-passenger 'Seven Seas Navigator' and the 720-passenger 'Seven Seas Mariner.'  For these vessels V.Ships Leisure provides technical management and recruit (sic.) the hotel personnel and Radisson Seven Seas Cruises provides the hotel operation and the sales and marketing."  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Per Bjornsen, Roberto Giorgi, and Ettore Bonaventura about its contents, to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

18.   ***Documents Nos. A0519873, A0519874***.   These documents are an email from Per Bjornsen to Rafael Sauleau dated August 11, 2003, enclosing a slide show entitled "An Introduction to V.Ships Leisure."  In that slide show, the Regent Fleet, including the Navigator, is listed as one of the "Current Cruise Clients" for whom V.Ships Leisure provides services, and describes the services provided as "deck & engine management."  (A0519874, pages 44 – 46).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Per Bjornsen, Roberto Giorgi, and Rafael Sauleau about its contents, to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

19.   ***Document No. A0065008***.   This is a V.Ships Leisure presentation entitled "An introduction to V.Ships Leisure" that was created August 27, 1997 and last modified in 2004. This marketing document lists Radisson Seven Seas Cruises as one of its "Current Cruise Clients" for which V.Ships Leisure provides "deck & engine management" services to Regent ships, including the Navigator and Voyager.  (pages 30 - 32). The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Roberto Giorgi about its contents, to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Brian Hernaman, and Kelvin McIldoon, to designate any favorable

testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

20.     *Documents Nos. A0389655, A0389656*.  In these documents, dated July 6, 2005, Lorenzo Malvarosa sends a V.Ships promotional slide show to Romano Giovanni, a potential customer, with a note thanking Mr. Giovanni for his visit, and sending a copy of a V.Ships promotional presentation.  Mr. Malvarosa attaches a slide presentation entitled "An Introduction to V.Ships Leisure, which lists the ships of the Regent fleet, including the Navigator and Voyager, as "Current Cruise Clients" for which V.Ships Leisure provides "deck & engine management." (pages 25, 26).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Vittorio Facco, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

21.     *Documents Nos. A0389535, A0389536*.  In these documents, dated August 3, 2005, Lorenzo Malvarosa sends a V.Ships promotional slide show to Ingrid Gantard, Sales Administrator for V.Ships, with the note that "The message is ready to be sent on the following link or link attachments."  Mr. Malvarosa attaches a slide presentation entitled "An Introduction to V.Ships Leisure," which lists the ships of the Regent fleet, including the Navigator and Voyager, as "Current Cruise Clients" for which V.Ships provides "deck & engine management." (pages 42 - 44).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Vittorio Facco, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

22.     *Documents Nos. A0389217, A0389218*.  In these documents, dated October 31, 2005, Lorenzo Malvarosa presents a marketing pitch to Ettore Morace concerning management of a cruise venture around the islands of Sicily.  Mr. Malvarosa attaches a slide presentation to Mr. Morace entitled "An Introduction to V.Ships Leisure," which lists the ships of the Regent fleet, including the Navigator and Voyager, as "Current Cruise Clients" for which V.Ships Leisure provides "Deck & Engine Management."  (pages 29 - 30).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Vittorio Facco, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs'

proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

23.     ***Document No. A0523113***.  This is a V.Ships Leisure slide show presentation entitled "An Introduction to V.Ships" that was created on 7/4/05 and last modified on 12/6/05.  This document lists Radisson Seven Seas Cruises as one of its "Current cruise clients" for which V.Ships provides "Deck & Engine Management" services to Regent ships, including the Navigator and the Voyager.  (pages 26, 27).  This document also lists the "Marine business unit: V.Ships Leisure" in which it includes "Technical Director Vittorio Facco, CPUK Southampton" in a direct line reporting structure to Andrea Zito, the COO of V.Ships Leisure.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Vittorio Facco, Brian Hernaman, Kelvin McIldoon, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

24.     ***Documents Nos. A0463256, A0463253, A0463254.***   These documents consist of a solicitation for comments from Lorenzo Malvarosa to Roberto Giorgi (President of V.Ships), and Per Bjornsen, (Project Director for V.Ships), relating to a draft of a letter to DVB Bank, promoting V.Ships' capabilities in managing ships under leasing and tonnage allowances in the UK and Germany.  In that letter, Mr. Malvarosa states that V.Ships was instrumental in helping to set up "a special purpose company in Southampton which is fully compliant with Inland Revenue requirements.  This company looks after financial and operational affairs of two vessels (Seven Seas Navigator and Seven Seas Voyager) operated by Radisson Seven Seas Cruises  … with some specialist technical and operational support provided by V.Ships Leisure in Monaco."  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Mr. Giorgi and Per Bjornsen about its contents, to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

25.     ***Documents Nos. A0390773, A0390774***.  This is an email dated June 1, 2006, from Dave Breedie to Frank Corrales and others at V.Ships, sending a slide show entitled "V.Holdings – An Introduction to the Group."   That slide show lists the "Marine Business Unit: Leisure Ship Management," in which it includes "Technical Director Vittorio Facco, CPUK Southampton" in a direct line reporting structure to Andrea Zito, the COO of V.Ships Leisure.  (A0390774, page 16).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Vittorio Facco, Brian Hernaman, Kelvin McIldoon, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and

Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

26.    ***Documents Nos***. ***A0377353, A0377355, A0377357.***  These documents comprise a V.Ships Leisure promotional presentation that was sent from Raphael Sauleau to Vernon Harris of V.Ships on June 8, 2006, relating to a visit by a potential client, WeiHai International.   The presentation lists Regent as one of V.Ships' "Current cruise clients" and states that V.Ships provides "Deck & Engine Management" and "Marine Planning" services to the Regent Fleet. (A0377355, pages 32, 33).  The document also provides a chart of the "Marine business unit: V.Ships Leisure" on which it lists "Technical Director Vittorio Facco CPUK Southampton" in a direct line reporting relationship to V.Ships COO, Andrea Zito.  (A0377355, page 4).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau about its creation and contents, and to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Vittorio Facco, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

27.    ***Document No. A0058572.***  This is a V.Ships Leisure presentation last modified on August 9, 2006 that lists the ships of the Regent fleet, including the Navigator and Voyager, as "Current Cruise Clients" for which V.Ships Leisure provides "Deck & Engine Management."  (page 36). It also lists Alex Garbarino (who was then serving as the Quality and Safety Superintendent for the Regent Fleet) as the "Marine Superintendent – Public Health" in the V.Ships Leisure Marine Operations Structure."  (page 7).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, Vittorio Facco, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

28.    ***Document No. A0448541, A0448542.***  This is an email dated September 22, 2006 from Rafael Sauleau to several persons at V.Ships, enclosing a preview of a slide show presentation to be given at the V.Ships office entitled "V.Ships Leisure."  That presentation lists the ships of the Regent fleet, including the Navigator and Voyager, as "Current cruise clients" for which V.Ships Leisure provides "Technical support services."  (A0448542, page 28).   It also lists Alex Garbarino (who was then serving as the Quality and Safety Superintendent for the Regent Fleet) as the "Marine Superintendent – Public Health" in the "V.Ships Leisure Marine Operations Structure."  (A0448542, page 6).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of

Richard Evenhand, Lorenzo Malvarosa, Brian Hernaman, and Kelvin McIldoon, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

29.     *Document No. A0065845*.  This document, created by Per Bornstein, provides a response from V.Ships to Lloyds Cruise International concerning what ships V.Ships was currently managing and what they were doing on those ships.  V.Ships responded in this document by describing the services V.Ships was providing to a number of the Raddison Seven Seas ships, and stating that it was providing "Technical management and hotel crewing" for the Navigator, and the Voyager.  This document is undated and metadata for it has not been provided. However, the file was created by Per Bornstein.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Per Bjornsen about its creation and contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Antonio Favuzzi, Alex Garbarino, David Gleaves, Brian Hernaman, Joseph McKeown, Kelvin McIldoon, Pantaleo Murolo and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

30.     *Documents Nos*. **A0380706, A0380707.**  These documents comprise a V.Ships Leisure promotional presentation that was sent from Lucretia Pellicciotti (on behalf of Rafael Sauleau) to Samantha Benon of V.Hospitality on March 2, 2007.  The presentation lists Regent as one of V.Ships' "Current cruise clients" and states that V.Ships provides "Technical support services" to the Regent Fleet.  (A0380707, pages 27, 28).  The document also provides a chart of the "V.Ships Marine Operations Structure" on which it lists Alex Garbarino (who then was serving as the Safety and Quality Superintendent for the Regent Fleet) as the "Marine Superintendent, Public Health" in the "Marine Operations Structure" at V.Ships.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau about its contents, and to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

31.     *Documents Nos. A0442731, A0442732 A0442739.*  These documents comprise a V.Ships Leisure promotional presentation that was sent on February 12, 2007 from Lucrezia Pellicciotti to James Duguid, following a promotional visit by Mr. Duguid to the V.Ships offices.  The presentation lists Regent as one of V.Ships' "Current cruise clients" and states that V.Ships provides "Technical support services" to the Navigator and the Voyager.  (A0442739, pages 27, 28).  The document also provides a chart of the "V.Ships Marine Operations Structure" on which

it lists Alex Garbarino, who then was serving as the Safety and Quality Superintendent for the Regent Fleet, as the "Marine Superintendent, Public Health" in the Marine Operations Structure at V.Ships.  (A0442739, page 6).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

32.     **Documents Nos**. **A0451049, A0451050.**  These documents comprise a V.Ships Leisure promotional presentation that was sent on September 12, 2007 from Rafael Sauleau to a Crew Manager at V.Ships.  The presentation lists Regent as one of V.Ships' "Current cruise clients" and states that V.Ships provides "Technical support services" to the Regent Fleet.  (A0451050, pages 27, 28).  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau about its contents, and to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

33.     **Document No. A0387761**.  This document is the 2004 VSLSAM Annual Management Review Report containing significant amounts of confidential and otherwise proprietary information regarding the business practices and operations of VSLAM at that time.  This annual management review report, authored by V.Ships' Marine Manager and COO and dated January 2005, was sent to only to V.Ships higher-level management and to "Vittorio Facco, Technical Director, Celtic Pacific UK, Ltd. – Southampton."  (page 2)  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, and Vittorio Facco, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

34.     **Document No. A0387760**.  This document is a cover email sending the 2004 V.Ships Leisure S.A.M. Annual Management Review Report (Document A0387761, above) to various V.Ships managers and shows that it also was sent contemporaneously to Vittorio Facco.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, and Vittorio Facco, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs'

proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

35.    ***Document No. A0441938***.  This document is the 2006 VSLSAM Annual Management Review Report, containing volumes of confidential and otherwise proprietary information regarding the business practices and operations of VSLAM at that time.    This annual management review report, authored by V.Ships Marine Manager and COO and dated January 2007, was sent only to V.Ships higher-level management and to "Joe McKeown, Technical Director, Celtic Pacific UK, Ltd. – Southampton." (page 2)  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, and Joe McKeown, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

36.    ***Document No. A0441937***.  This document is a cover email sending the 2006 V.Ships Leisure S.A.M. Annual Management Review Report (Document A0441938, above) to various V.Ships managers, and shows that it also was sent contemporaneously to Joe McKeown.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand and Joe McKeown, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

37.    ***Document No. A0082691***. In this email chain from February of 2009, during VSLUK's management period, Leo Murolo, the VSLUK Technical Director, makes statements that "the ship is running with very bad engineers," that "the wrong procedures [were] adopted from our Seniors, in relation to the appraisals," and comments on the "lack of trust of the seniors versus the crew dept" and "the troubles we had recently on our ships."  This document demonstrates the lack of supervision and appraisal of the engineering crew on the Navigator and its resulting poor technical condition during the period of VSLAM's and VSLUK's management.    These comments are made from the Technical Director who is in charge of supervising and evaluating the engineering crew, to the Crew Operations Director at V.Ships, who was responsible for hiring that engineering crew, and evidence VSLUK's failure to manage and maintain the Navigator in accordance with the Management Agreement.  If this email had been produced on time, Plaintiffs may have amended their Complaint to add a claim against V.Ships Leisure after June 2008 for failing to provide adequate and competent crew on-board the Navigator.  Additionally, the late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Antonio Favuzzi, Alex Garbarino, David Gleaves, Brian Hernaman, Joseph McKeown, Kelvin McIldoon, Pantaleo Murolo Andrea Zito, and the Defendants' technical experts, to designate any favorable testimony from these witnesses

for use at trial, to provide it to the Plaintiffs' technical experts for consideration in the formulation of their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

38.     ***Document No. A0417901***.  This document contains an email from Richard Evenhand dated 10/15/08, during the time of VSLUK's management, commenting that "specific reference was made [by the Owners] to the Navigator [sic] condition" and that "the vessel condition has not deteriorated overnight."   In this email, Mr. Evenhand states that Leo Murolo, V.Ships' Technical Superintendent, has spoken with the officers of the Navigator "and advised them that the goal posts have moved and expectations are changed in regards to their input to vessel condition, upward."  If this email had been produced on time, Plaintiffs may have amended their Complaint to add a claim against VSLUK for the period after June 2008 for failing to provide adequate and competent crew on-board the Navigator.  Additionally, the late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Antonio Favuzzi, Alex Garbarino, David Gleaves, Brian Hernaman, Joseph McKeown, Kelvin McIldoon, Pantaleo Murolo Andrea Zito, and the Defendants' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to the Plaintiffs' technical experts for consideration in the formulation of their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

39.     ***Document No. A0526860***.  This document contains an email from Francesco Visimberga (a V.Ships Deputy Technical Director) to Lorenzo Malvarosa, dated March 29, 2009, commenting on the poor condition of various systems on the Navigator.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Antonio Favuzzi, Alex Garbarino, Brian Hernaman, Kelvin McIldoon, Pantaleo Murolo, Andrea Zito, and the Defendants' technical experts, to designate any favorable testimony from these witnesses for use at trial, to give it to the Plaintiffs' technical experts for consideration in forming their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

40.     ***Document No. A0082924***.  This email chain evidences a problem with the quality of the engineering crew on-board the Navigator in January 2009, and the poor conditions on the Navigator during the period of VSLUK's management.  Lorenzo Malvarosa writes that "it looks like there are also some other problems on board as leaks, hydraulic oil for the tender platforms, etc."  Leo Murolo responds that "My concern is that due to the bad crew we had recently, the

routine maintenance have been stop." Mr. Murolo also stated in an email to the Crew Operations Director responsible for hiring the crew, that "Happen many times that despite bad appraisal, you move those Crew from one ship to the other in the same fleet," and later states that "is time that WE solve the Crew problems, after two years that I'm advicing you, you dint get any improvement." If this email had been produced on time, Plaintiffs may have considered whether to amend their Complaint to add a claim against VSLUK for the period of time after June 2008 for failing to provide adequate and competent crew on-board the Navigator. Additionally, the late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Antonio Favuzzi, Alex Garbarino, David Gleaves, Brian Hernaman, Joseph McKeown, Kelvin McIldoon, Pantaleo Murolo Andrea Zito, and the Defendants' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to the Plaintiffs' technical experts for consideration in the formulation of their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

41.    *Document No. A0082957*. This document evidences a problem with the quality of the crew on-board the Navigator in January 2009 and discusses allegations of bribery by one of the ships officers on a contractor. If this email had been produced on time, Plaintiffs may have considered whether to amend their Complaint to add a claim against VSLUK for the period of time after June 2008 for failing to provide adequate and competent crew on-board the Navigator. Additionally, the late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Antonio Favuzzi, Alex Garbarino, David Gleaves, Brian Hernaman, Joseph McKeown, Kelvin McIldoon, Pantaleo Murolo Andrea Zito, and the Defendants' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to the Plaintiffs' technical experts for consideration in the formulation of their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

42.    *Document No. A0075874.* This document is an email from Karine Pouwels, VSLUK's crew manager for deck and engine during the time of VSLUK's management period, stating that "By the way, Richard Evenhand wants to be copied on all correspondence about deck officers." This document evidences a lack of involvement by Richard Evenhand in the management and maintenance of the Navigator between the start of the VSLUK contract on June 1, 2008 until at least the date of this email. The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Karine Pouwels, and Rafael Sauleau, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Vittorio Facco, Antonio Favuzzi, Alex Garbarino, David Gleaves, Brian Hernaman, Joseph McKeown, Kelvin McIldoon, Pantaleo Murolo Andrea Zito, and the Defendants' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to the Plaintiffs' technical

experts for consideration in the formulation of their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

43.      *Document No. A0415899*.  This is an email chain that includes an email from Pantaleo Murolo to Lorenzo Malvarosa dated September 5, 2008 (at 14:30), during the period of VSLUK's management, complaining that the crew has "poor technical knowledge" and that there "has been a really challenging situations on both areas Deck and Engine." If this email had been produced on time, Plaintiffs may have amended their Complaint to add a claim against V.Ships Leisure after June 2008 for failing to provide adequate and competent crew on-board the Navigator.  Additionally, the late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Antonio Favuzzi, Alex Garbarino, Brian Hernaman, Joseph McKeown, Kelvin McIldoon, Pantaleo Murolo and Andrea Zito and the Defendants' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide this information to the Plaintiffs' experts for consideration in formulating their opinions, to bring any additional claims against VSLUK for breach of their obligations to provide a quality crew, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

44.      *Document No. A0336864*.  This document appears to be notes taken by either Richard Evenhand or Kelly Gordon on or about March 26, 2009 from a interview one of them conducted with the former Chief Engineer of the Navigator, Aldo Casillo, related to allegations regarding environmental practices on the Navigator, claims for which Mr. Casillo later was indicted.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to Plaintiffs' experts for consideration in formulating their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

45.      *Documents No. A0203115*.  This is an email from Richard Evenhand to Kelly Gordon dated March 27, 2009, and titled "V.Ships – URGENT – Conversation with Aldo Casillo – March 26 – ."  This email recounts and comments upon a conversation with Aldo Casillo, in response to allegations about the environmental practices on the Navigator, claims for which Mr. Casillo later was indicted.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Kelly Gordon concerning its contents, to

inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to Plaintiffs' experts for consideration in formulating their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

46.     *Document No. A0417699*.   This is an email chain dated November 25, 2008 between Raphael Sauleau and Pantaleo Murolo wherein they discuss their hesitancy to promote Aldo Casillo to the Chief Engineer position on the Navigator.  Mr. Murolo states outright that "Mr. Casillo cannot take a Chief Engineer position".  Nevertheless, as mentioned above, Mr. Casillo was promoted to that position.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to Plaintiffs' experts for consideration in formulating their opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

47.     *Document No. A0083041*.   This document evidences the problems with the Chief Engineer on board the Navigator, Aldo Casillo, in January 2009, and that Lorenzo Malvarosa knew that he had to "remove Casillo and step-him down" at that time (but did not).  The Plaintiffs were prejudiced by the late disclosure of this document as it evidences problems on-board the Navigator relating to crew and quality of the ship overall.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Rafael Sauleau, Karine Pouwels, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Pantaleo Murolo, Andrea Zito and the Defendants' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to the Plaintiffs' technical experts for consideration in formulating their opinions, to bring any additional claims against VSLUK for breach of their obligations to provide a quality crew, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

48.     *Document No. A0186761.*   This document was created on April 4, 2009 and is entitled "Oil Record Book and Soundings Critical Self-Analysis" and demonstrates that Lorenzo Malvarosa and Richard Evenhand conducted an analysis of the oil record book entries and daily soundings for the Navigator and gave conclusions for the variances in the Oil Record Book.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Kelly Gordon, with whom Mr. Malvarosa and Mr. Evenhand were

working on this issue, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo and Andrea Zito and the Defendants' technical experts, to designate any favorable testimony from these witnesses for use at trial, to provide it to the Plaintiffs' technical experts for use in formulating their opinions, to bring any additional claims against VSLUK for breach of their obligations to provide a quality crew, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

49.    *Document No. A0197965.*  This email chain demonstrates the response of V.Ships to the Flag State's visit on-board the Navigator in March of 2009 in relation to their investigation of the Navigator bilge system and processes, pointing out the lack of supplies and poor condition of the bilges during the period of VSLUK's management.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Kelly Gordon, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

50.    *Document No. A0202270.*  This email group demonstrates the response of V.Ships to the Flag State's visit on-board the Navigator in March of 2009 in relation to their investigation of the Navigator bilge system and processes, pointing out the lack of supplies and poor condition of the bilges during the period of VSLUK's management.  This email includes Mr. Kozhuharov's gap analysis of what he believed to have been missing from VSLUK's processes concerning bilge water management on the Navigator.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

51.    *Document No. A0202277.*  This document is a draft of a presentation prepared by V.Ships Leisure entitled "V.Ships Leisure - Compliance Management System" prepared in April of 2009. This presentation purports to evidence a "Management System" in place to respond to the various compliance regulating organizations.  This document provides V.Ships' definition of what constitutes "full management" (pages 6-7) and describes the responsibilities of the manager of a vessel.  (Pages 6, 7).  It also sets forth a description of a proper compliance program.  The

late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

52.    *Documents Nos. A0202654, A0202662, A0202840*.  This email chain and attachments evidence the investigation by V.Ships personnel into the oily record book entries and environmental waste processes on the Navigator during the period of VSLUK's management, and identify issues of concern.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

53.    *Document No. A0188730*.  This email, dated March 29, 2009, from Stanislav Kozhuharov to V.Ships' management, comments upon the investigation being conducted by Kelly Gordon on the recordings of oily water discharge on the Navigator during the time of VSLUK's management of the ship, including a reference that the oily water record book codes do not seem to be consistently used.   The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

54.    *Document No. A0202312*.  This email chain from Stanislav Kozhuharov discusses the potential liability imposed upon V.Ships resulting from the Department of Justice's involvement in the environmental waste matters.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any

favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

55.     ***Document No. A0202893.***  This email chain from Stanislav Kozhuharov evidences the investigation by V.Ships personnel into the oily record book entries and environmental waste processes on the Navigator during the period of VSLUK's management, and identifies issues of concern, including improper entries in the Navigator's oily water book during the period of VSLUK's management.   The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

56.     ***Document No. A0336755***.   This email from Stanislav Kozhuharov in March of 2009, raises issues with the use of the oily record books on the Navigator.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

57.     ***Document No. A0336806.***  This document appears to be a very early version of the Kelley Gordon report discussing the "record keeping of bilge holding tank level."  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

58.     *Document No. A0203144.*  This document appears to be another early draft of the Kelly Gordon report that was created on March 26, 2009.  It is materially different from the final draft.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

59.     *Documents Nos. A0203164, A0203166.*  This document evidences that an early a version of the Kelly Gordon report was circulated to Pantaleo Murolo, Lorenzo Malvarosa, Richard Evenhand, Stanislav Kozhuharov, and others at V.Ships for their comments.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

60.     *Document No. A0203181*.  This document evidences another early version of the Kelly Gordon report modified by Kelly Gordon on March 26, 2009.  The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

61.     *Document No. A0197941.*  This email chain evidences dialogue between Kelly Gordon and Lorenzo Malvarosa, Andrea Zito, Richard Evenhand and others concerning the threatened investigation by the Flag State related to the concerns of environmental violations on the Navigator during the time of VSLUK's management.  Plaintiffs are prejudiced by the late disclosure of this document as they were denied the opportunity to inquire about it from Lorenzo Malvarosa, Richard Evenhand, Andrea Zito, Pantaleo Murolo, Alex Garbarino, and the V.Ships technical experts, to set the deposition of Kelly Gordon, to give it to Plaintiffs' technical experts

for their consideration, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

62.     *Document No. A0229697*.   This document evidences the Flag States' agreement with DNV regarding the poor condition of the bilge areas during the time the Navigator was under VSLUK's management.   The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Stanislav Kozhuharov and Kelly Gordon concerning its contents, to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, David Gleaves, Pantaleo Murolo, Alex Garbarino, Andrea Zito and V.Ships' technical experts, to provide the information to Plaintiffs' technical experts, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

63.     *Document No. A0188824.*   This document is a presentation created by V.Ships on February 20, 2007 and entitled "Oil Pollution Prevention" intended for use by the Master, Staff Captain, Environmental Officer and all Engine Officers on ships in their fleets.   It highlights the importance of the use of the oily water separator and the upkeep of the oil content meters, and the importance of accurate recordings in the oil record book, all of which are issues in this case. Plaintiffs are prejudiced by the late disclosure of this document as they were denied the opportunity to inquire about it from Lorenzo Malvarosa, Richard Evenhand, Andrea Zito, Pantaleo Murolo, Alex Garbarino, and the V.Ships technical experts, to give it to Plaintiffs' technical experts for their consideration, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

64.     *Document No. A0238385.*   This email, from Lorenzo Malvarosa to Per Bjornsen and Roberto Giorgi, circulates an early draft of an email that Mr. Malvarosa intended to send to Regent Cruises in an attempt to procure the continued technical management of the RSSC Fleet after Prestige purchased the RSSC business in January 2008.   In this email, Mr. Malvarosa admits having a contract in place for the Navigator covering "technical support" and that two V.Ships employees are in the "CPUK structure," statements with which Mr. Giorgi and Mr. Bjornsen apparently agreed (since they were contained in the final letter that Mr. Malvarosa sent).   The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to depose Mr. Giorgi and Mr. Bjornsen about its contents, to inquire about it at the depositions of Richard Evenhand, Lorenzo Malvarosa, and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on

the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

65.    **Document No. A0410304**. This document is a marked-up listing of the fees charged by V.Ships for the services it provided to the Regent Fleet, created on 2/20/08. In addition to the charges for the written agreements for Manning and Ancillary Services and for Hotel Personnel and Marine Services, there are three additional charges listed simply for "Management Expenses" in the amount of $48,000 each. The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Kelvin McIldoon, Brian Hernaman and Andrea Zito, to designate any favorable testimony from these witnesses for use at trial, to provide it to the Plaintiffs' damages expert for consideration in formulating his opinions, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

66.    **Document No. A0057737.** This document, a V.Ships' "Vessel Takeover Data Sheet," demonstrates that, as of June of 2008, V.Ships Leisure had a process to collect data from ships coming into its management regime from other management companies, but no such document was ever completed when VSLUK took over management of the Navigator. The late disclosure of this document has prejudiced the Plaintiffs because they were denied the opportunity to inquire about it at the depositions of Lorenzo Malvarosa, Richard Evenhand, Pantaleo Murolo, Antonio Favuzzi, Alex Garbarino, David Gleaves, Kelvin McIldoon, Brian Hernaman and each of the V.Ships technical experts, to give to Plaintiffs' experts for consideration in their opinions, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

67.    **Documents Nos. A0155902 and A0155903.** This document is an email from Lucrezia Pellicciotti (Business Development Coordinate for V.Ships) to Per Bjornsen (another Business Development Director for V.Ships), attaching a spreadsheet of RSSC fees for years 2000 - 2007. This document also acknowledges that "Management [of the Navigator] starts in September 1999." Plaintiffs are prejudiced by the late disclosure of this document as they were denied the opportunity to inquire about it from Lorenzo Malvarosa and Richard Evenhand, to give it to their damages expert, to depose Per Bjornsen, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

68.    *Document No. A0418201.*  This document is an email chain relating to a "listing incident" on the Navigator (pages 6, 7) and concerning the problems with crew on-board the Navigator relating to use of the ship's tenders.  Plaintiffs are prejudiced by the late disclosure of this document as they were denied the opportunity to inquire about it from Lorenzo Malvarosa, Richard Evenhand, Andrea Zito, Pantaleo Murolo, Alex Garbarino, and the V.Ships technical experts, to set the deposition of Kelly Gordon, to give it to Plaintiffs' technical experts for their consideration, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

69.    *Document No. A0189515.*  This document is a spreadsheet entitled "V.Group Monthly Board Report - V.Ships Leisure - March 2009" and evidences a system of reporting "incidents" occurring on the ships in V.Ships' management.  This document evidences a system in place for monitoring incidents on-board the ship.  If this document would have been provided earlier, the Plaintiffs would inquire of all the witnesses regarding the system in place and particularly, whether the "incidents" relate to the maintenance, or lack thereof, of the various ships.  The metadata for this document suggest the form has been in use since October 23, 2001 but none, other than this one, has been produced.  Plaintiffs are prejudiced by the late disclosure of this document as they were denied the opportunity to inquire about it from Lorenzo Malvarosa, Richard Evenhand, Andrea Zito, Pantaleo Murolo, Alex Garbarino, and the V.Ships technical experts, to give it to Plaintiffs' technical experts for their consideration, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

70.    *Document No. A0388784*.  This is a document demonstrating VSLAM's involvement in the technical aspects of the electrical fire that occurred on-board the Navigator in January 2005.  The late disclosure of this document has prejudiced the Plaintiffs as they were unable to inquire about it from Richard Evenhand, Alex Garbarino and Lorenzo Malvarosa during their depositions, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

71.    *Document No.* A0390422.  This is an email chain concerning invoices sent by V.Ships to CPUK and CPUK's request for clarification as to the services provided by V.Ships.  In these emails, Martin Burley asks Frank Corrales and Richard Evenhand to "discuss a suitable response" and that it "obviously" needs careful handling."  This document evidences V.Ships invoicing for services provided to the Navigator in 2005.  The late disclosure of this document has prejudiced the Plaintiffs as they were unable to inquire about it from Richard Evenhand,

Lorenzo Malvarosa or Andrea Zito during their depositions, to designate any favorable testimony from these witnesses for use at trial, to propound additional paper discovery and Requests for Admission concerning its content and authenticity, to list it on the Plaintiffs' witness list, to include reference to it in Plaintiffs' proposed Findings of Fact, to include the implications of this document in formulating Plaintiffs' proposed Conclusions of Law, and to include reference to this document in Plaintiffs' statement of the case in the Pretrial Stipulation.

Dated:  April 1, 2011                                 Respectfully submitted,

                                                      /s/ Daniel A. Casey
                                                      Daniel A. Casey, Esq.
                                                      Florida Bar No. 327972
                                                      daniel.casey@klgates.com
                                                      Robert M. Kritzman, Esq.
                                                      Florida Bar No. 0475830
                                                      robert.kritzman@klgates.com
                                                      Steven R. Weinstein, Esq.
                                                      Florida Bar No. 985848
                                                      steven.weinstein@klgates.com
                                                      Christina Paul
                                                      Florida Bar. No. 0596876
                                                      christina.paul@klgates.com
                                                      **K&L GATES LLP**
                                                      Wachovia Financial Center
                                                      200 S. Biscayne Boulevard, Suite 3900
                                                      Miami, Florida 33131
                                                      Telephone:  305.539.3300
                                                      Facsimile:  305.358.7095

                                                      *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court this 1st day of April, 2011 by using the CM/ECF system, which also will send a notice of electronic filing to the counsel listed below.

Michael T. Moore, Esq.
Clay M. Naughton, Esq.
Scott A. Wagner, Esq.
Moore & Company
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone:  786.221.0600
Facsimile:  786.221.0601
mmoore@moore-and-co.net
cnaughton@moore-and-co.net
swagner@moore-and-co.net
*Attorneys for Defendants*

/s/ *Daniel A. Casey*
Daniel A. Casey